# CHARLESTON.

GEORGE HELLIEL *v.* PINEY COAL & COKE COMPANY.

Submitted March 23, 1910.    Decided November 28, 1911.

MASTER AND SERVANT—*Injuries to Servant—Negligence of Foreman.*
    The duty to see that refuge holes along motor roads in coal mines are kept, as required by section 10 of chapter 78, Acts of 1907, rests on the mine foreman, not on the mine owner, and for injury to a miner resulting from their absence the mine owner is not liable.

Error to Circuit Court, Raleigh County.

Action by George Helliel against the Piney Coal & Coke Company. Judgment for plaintiff, and defendant brings error.

*Reversed and Remanded.*

*Watts, Davis & Davis,* for plaintiff in error.

*T. N. Read* and *A. A. Lilly,* for defendant in error.

BRANNON, JUDGE:

George Helliel was a coal miner in the employ of Piney Coal & Coke Company digging in its mine. While going home walking through the main entry he was caught by some coal cars which had broken loose from the motor to which they were attached and

ran back down grade and caught him and injured him by reason of the space between the cars and the rib or wall of the mine being too narrow. He sued the company and recovered judgment, and the company sued out a writ of error. The evidence presents only two matters charged as constituting negligence, one the want of lights on the rear car of the train, the other the want of refuge holes in the mine along the entry. This case depends on the construction to be given sections 10 and 15 of chapter 78, Acts of 1907, regular session, Supplement Code of 1909, serial sections 408 and 410. As to the want of lights on the car we may at once dismiss it from consideration, because, as the attorney for the plaintiff concedes, the duty to see that lights are kept on such cars is one resting on the mine foreman, not on the mine owner. The real question of this case is whether the failure to make refuge holes is a failure of duty on the part of the coal company, or a failure of duty on the part of the mine foreman, for which the coal operator is not liable. Said section 10 provides that: "All slopes, engine-planes or motor roads used by persons in any mines shall be made of sufficient width to permit persons to pass moving cars with safety, or refuge holes of ample dimensions, and not more than sixty feet apart, shall be made on one side of said slope, engine-plane or motor road." That section does not expressly say whose duty it shall be to see that such refuge holes are made, and it is claimed that such duty rests on the mine owner. We must read this section using the language quoted along with a provision found in section 15 reading as follows: "On all haulways space not less than ten feet long and two feet and six inches wide, between the wagon and the rib, shall be kept open at distances not exceeding one hundred feet apart, in which shelter from passing wagons may be had."

Section 15 is that which requires the coal operator to appoint a mine foreman and prescribe his duties, and those duties prescribed in that section rest upon the mine foreman and a failure to perform them does not render the operator liable, as held in *Bralley* v. *Coal & Coke Company,* 66 W. Va. 278, and cases there cited. Under principles of those cases it is clear that the duty of seeing that spaces ten feet long and two feet and six inches wide are kept between the rib or wall of the haulway and coal cars, is a duty

of the mine foreman. The duties in that section 15 are those imposed on the mine foreman. I repeat that the duty of making those spaces mentioned in the quotation above given from section 15 is one imposed on the mine foreman. Are the spaces so required by section 15 the same thing as the refuge holes mentioned in section 10? We conclude that they are. Is it intended that there shall be both such spaces and such refuge holes? We think not: They are both designed for safety of the miner, both sections in this respect aim at the same thing and are designed to accomplish the same purpose. Section 15 is one containing many provisions designed to promote safety of the miners. Its special purpose is that one. Its opening clause says that the requirement of the mine foreman is "in order to better secure the proper ventilation of every coal mine and promote the health and *safety* of persons employed therein." And in that section we find many duties committed to the mine foreman to secure safety to the miner, and among them this duty of having spaces between the cars and walls of the haulway to save persons employed in the mine from injury from the cars, and it is reasonable to include these refuge holes among the many things required by section 15 to secure such safety; it is reasonable to classify such refuge holes among the things provided in section 15 for such safety. That section has for its special purpose the requirement of things conducive to safety of miners. Suppose we say that the refuge holes and the spaces are different things. Then I would ask where is the sense of imposing on the mine owner to see that such refuge holes are kept and on the mine foreman to see that such spaces are left? Both the refuge holes and the spaces are intended to accomplish the same end, safety of miners. We held in the *Bralley Case* that the obligation to see to break-throughs is placed by section 15 upon the mine foreman, and principles there stated would assimilate duty as to refuge holes to break-throughs. I note that section 15 requires the mine foreman to remove loose coal, slate and rock over head in working places and along the haulways, and it is reasonable to say that the duty of having refuge holes along those same haulways from which the mine foreman must remove slate rests on him also. The presence of such holes and the removal of slate are both for the purpose of rendering the same

haulway safe. The letter of the statute does not impose the duty of having the refuge holes on the coal operator; but section 15 does commit the duty of having spaces to prevent injury from cars to the mine foreman. We think that the refuge holes mentioned in section 10 and the spaces mentioned in section 15 are the same things. We think that the duty to see that there are such refuge holes rests on the mine foreman, and under principles in the *Bralley Case* and prior cases there cited no action lies against the coal operator for the want of such refuge holes.

We reverse the judgment, set aside the verdict, grant a new trial and remand the case to the circuit court.

*Reversed and Remanded.*