## CHARLESTON

MAY v. DAVIS COAL & COKE COMPANY.

Submitted September 12, 1911.    Decided October 29, 1912.

MASTER AND SERVANT—*Injury to Miner.*

> The duty to see that refuge holes along motor roads in coal mines are kept, as required by section 10 of chapter 78, Acts of 1907 (Code Supp. 1909, c. 15h), rests on the mine foreman, not on the mine owner, and for injury to a miner resulting from their absence the mine owner is not liable.

Error to Circuit Court, Tucker County.

Action by W. S. May against the Davis Coal & Coke Company. Judgment for plaintiff, and defendant brings error.

*Reversed.*

*Benjamin A. Richmond, E. A. Bowers,* and *A. Jay Valentine,* for plaintiff in error.

*C. O. Strieby,* for defendant in error.

POFFENBARGER, JUDGE:

The gravamen of the action for damages for personal injury to the plaintiff, while in the service of the defendant, as a coal miner, is the lack of statutory refuge holes along the motor haulway of the mine on which the plaintiff was injured, or provision for the safety of the employes on said way by means of sufficient space for a walk way between the track and the rib of the mine, or otherwise, in lieu of refuge or man holes.

While the plaintiff was going along this way from his room to

the mouth of the mine for car checks, his lamp was knocked from his cap by contact with the roof and put out. .Before he could find and re-light it, the motor approached. There was no such refuge hole as the statute requires and he was unable to make the motorman hear. Endeavoring to escape injury by stepping to one side as far as he could, he found the space between the motor and the rib insufficient. The motor caught him about the knees and he finally fell between it and the cars, one or more of which passed over his hand, cutting off three fingers.

The ground of defense was contributory negligence in permitting his lamp to be out, failing to run back to an opening about 33 feet distant, since the motor was running at a low rate of speed, neglecting to go out by a different way, provided for the purpose, the suitableness of which is denied, and failing to familiarize himself with the state mining laws, a copy of which he had.

The judgment in his favor will have to be reversed, under principles declared in *Helliel* v. *Piney Coal Co.,* 70 W. Va. 45, 73 S. E. 289, holding the statute makes it the duty of the mine boss, not the operator, to provide refuge holes or, in lieu thereof, a pass way. The evidence shows the defendant had a mine foreman and his competency is not questioned.

The judgment was rendered upon a demurrer to the evidence. On reversing it, therefore, we will render judgment here for the defendant.

*Reversed.*