# CHARLESTON.

Roseberry v. Roseberry.

Submitted January 23, 1886.—Decided February 25, 1886.

1. Coverture may be pleaded in abatement or in bar, according to circumstances.   Where the action is by a wife against her husband upon a contract executed by him to her during coverture, the plea is in bar.

2. A note given by a husband directly to his wife during the coverture is void, and no action *at law* can be maintained upon it against the husband.

*Tomlinson & Polsley* for plaintiff in error.

*J. B. Menager* for defendant in error.

SNYDER, JUDGE:

Writ of error to a judgment rendered, February 16, 1882, by the circuit court of Mason county in an action of debt brought by Helen Roseberry against Michael Roseberry for the amount of four several single bills of $50.00 each executed to the plaintiff by the defendant.    The declaration

does not disclose the relation of the parties to each other but it is in the usual form.   It was demurred to, and I think the demurrer was properly overruled.   The defendant tendered a plea in writing which, upon the objection of the plaintiff, was rejected by the court.   The case was tried by the court in lieu of a jury and a judgment rendered for the plaintiff for $221.00, and the defendant brought this writ of error.

The sole question presented for the decision of this Court is :   Did the circuit court err in rejecting the plea tendered by the defendant ?   The material portion of said plea avers, " that at the time of the execution of the single bills sued on, and each of them, the plaintiff was the wife of the defendant; and this he is ready to verify."

At common law all contracts made directly between husband and wife are void.   The wife is incapable of making a valid or binding contract even with a third person.   *Stockton* v. *Farley*, 10 W. Va. 171.   But with the consent of her husband she may become a grantee in a deed, the obligee in a bond or the payee of a note, by contract with a third person, and upon the survivorship of the wife they will vest in her. In equity, however, husband and wife can contract with and convey to each other, though not so freely as third persons, by equity holding the husband a trustee for the wife in conveyances from him to her for value, or as a provision for the wife, although the legal title continues in the husband ; and in other contracts to a degree nearly co-extensive with a *feme sole*.   Kelly on Mar. W. 132 ;   *Temple* v. *Williams*, 4 Ired. Eq. 39 ; *McKinzie* v. *Railroad Co. supra*, p. 306; 2 Story's Eq. Jur. §§ 1,368, 1,372.

The common law remains in full force and vigor in this State, except in so far and so far only as it has been changed by express legislative enactment; and the disability of a married woman to contract with her husband is still the law of this State, unless this disability has been removed by statute. The only enabling statute we have in regard to married women is ch. 66 of the Code; and a careful examination of this chapter will fail to show any change in the common law respecting the right or power of a wife to contract with her husband. This statute deprives the husband of his marital rights in the property of his wife and confers upon her a legal sepa-

rate estate in her property. It also gives her the right to acquire property in certain cases from persons other than her husband and to sue and be sued without joining her husband in specified cases, but it nowhere and in no manner authorizes or enables her to contract with her husband in any case. It follows then, that the common law rule as to the incapacity of the wife to contract with her husband is still in full force and effect in this State, and by that rule the single bills sued on in this action are void at law, and no action can be maintained upon them in a court of law, whatever may be the rights of the wife in regard to them in a court of equity. *Crowther* v. *Crowther*, 55 Me. 358; *Patterson* v. *Patterson*, 46 N. H. 164; *Lord* v. *Parker*, 3 Allen 127; *Sweat* v. *Hall*, 8 Vt. 187; *Carey* v. *Burress*, 20 W. Va. 571.

But it is insisted by the defendant in error that the defence sought to be interposed in this action could only be made available by plea in abatement, and that the plea rejected by the court was insufficient as such plea. This I think is a mistaken view of the law. Coverture may be pleaded in abatement or in bar according to circumstances. Where the defence goes merely to the disability of the wife to maintain the action in her name alone, or shows simply matter for abatement without destroying the cause of action, it must be pleaded in abatement; but when the defence, as in this instance, is not merely such disability but shows a total absense of any thing like responsibility or cause of action, the matter is pleadable in bar. This is altogether unlike an action on a bond to the wife by a third person, in which there is a valid cause of action, and therefore by the common law the non-joinder of the husband was to be pleaded in abatement. Here the defence goes to the foundation of the demand in any action at law; and as it is impossible to give the plaintiff a better writ in this jurisdiction, it can be pleaded only in bar. *Steer* v. *Steer*, 14 Serg. & R. 379. As a plea in bar the plea offered by the defendant is plainly sufficient; it avers that the plaintiff was the wife of the defendant at the time the single bills were executed; that is, that the contract sued on was made between husband and wife. In law such a contract, as we have seen, is absolutely void and cannot be the basis of an action. I

96

am, therefore, of opinion that the court erred in rejecting said plea, and for this error the judgment must be reversed, the plaintiff's objection to the plea overruled, and the action remanded to the circuit court for a new trial.

REVERSED. REMANDED.