# CHARLESTON.

CLARK v. OHIO RIVER R'Y CO.

*(HOLT, JUDGE, absent.)

Submitted September 9, 1890.—Decided November 28, 1890.

1. RAILROAD COMPANIES.

In this state the duty to fence its road on the part of a railway company is purely of statutory creation, and is confined to cases coming under the provisions of the statute.

2. DEMURRER—PLEADING.

Where the declaration contains but one count, and that count sets out a demand of several matters, which in their nature are divisible, any one of which is well claimed, that is sufficient, and a general demurrer to the whole declaration should be overruled.

*Hogg & Beller* and *Tomlinson & Wiley* for plaintiff in error cited:

32 W. Va. 370; 9 W. Va. 262; 15 W. Va. 362; 27 W. Va. 288; Code c. 103 s. 7; 1 Chitt. Pl. (14 Am. Ed.) 214; 3 Wood R'y Law 1558, 1559.

*V. B. Archer* for defendant in error cited:

10 W. Va. 470; 3 Rob. Pr. (New) 530, 531 and cases cited.

LUCAS, PRESIDENT:

This was an action of trespass on the case brought by the plaintiff against the Ohio River Railroad Company in the Circuit Court of Mason county to recover damages for an alleged failure on the part of the defendant to comply with the terms of section 14 of chapter 42 of the Code. (See Code 1887, p. 313, in regard to providing, constructing and maintaining cattle-guards, farm crossings and fences).

The declaration is as follows: "William H. Clark complains of the Ohio River Railroad Company, a corporation existing under and by virtue of the laws of West Virginia,

---

*This case was submitted before Judge Holt was appointed.

which has been duly summoned to answer the said plaintiff, of a plea of trespass on the case, for this : that the said plaintiff was heretofore, towit, on the——day of——1886, at the county aforesaid, and ever since hath been and still is owner in fee-simple of the following tracts or parcels of land situate on the Ohio river : One tract containing sixty five and a half acres, bounded as follows," (here follow boundaries) "and also one other tract containing sixty acres and bounded as follows :" (here follow boundaries.) "And plaintiff avers that on the day and year aforesaid, at the county aforesaid, and ever since that day, the said tracts of land, and each of them, were cleared and fenced. And the plaintiff further avers that the defendant is a railroad company, and being such railroad company, the defendant on the day and year aforesaid, at the county aforesaid, instituted in the Circuit Court of said county proceedings to condemn a right of way for its track over and across said two tracts of land, and did condemn the same for the uses and purposes of a railroad right of way and railroad track, and said defendant did afterwards pay the damages assessed under and by virtue of said proceeding, and the right of way aforesaid became vested in the said defendant, and a railroad track was laid by said defendant over said tracts of land on the right of way aforesaid, and the said defendant has been using its said right of way and railroad built thereon, over and across said tracts of land for the transportation of freight and passengers, ever since the 8th day of January, 1887, and still is using said railroad laid over and across said tracts of land for the transportation of freight and passengers. Plaintiff avers said defendant has, ever since the day and year last aforesaid, refused and neglected, and still doth refuse and neglect, to construct suitable farm-crossings and cattle-guards on the tract first hereinbefore mentioned and described in this, towit :"

"(1) The said defendant has failed and neglected to construct any farm-crossing at the lower end of said first-mentioned tract where said railroad leaves said tract, although it is necessary and proper that a suitable farm-crossing should be constructed at the lower end of said first-described tract, so as to enable this plaintiff to properly use and farm

such tract of land, and, without the use of such crossing, plaintiff hath been and is damaged in the farming and tilling of said tract to an amount equal to the sum of five hundred dollars."

"(2) And said defendant hath also failed and neglected to construct a farm-crossing at a point about four hundred feet from the upper line of said first tract, although it is necessary and proper that a suitable farm-crossing should be constructed at such point, so as to enable this plaintiff to freely and properly use and enjoy and cultivate said first tract, and, without the use of such crossing last herein designated, plaintiff hath been and is damaged in the farming and tilling of said tract, and, without said crossing, the plaintiff is further damaged to an amount equal to five hundred dollars."

" (3) Plaintiff avers that defendant has failed and neglected to construct a farm-crossing on said first-mentioned tract just above West creek, and where said railroad crosses said creek, although it is necessary and proper that a suitable farm-crossing should be constructed just above West creek, as aforesaid, on said tract, so as to enable plaintiff to freely and properly use, farm, and enjoy said first tract, and without the use of this last-mentioned farm-crossing plaintiff hath been and is damaged in the farming and tilling of said tract to a further amount of one hundred and fifty dollars. "

" (4) Plaintiff further avers that the defendant hath failed and neglected to construct a cattle-guard at the upper line of said tract first hereinbefore described where said railroad leaves said tract, although it is necessary, proper and suitable, that a cattle-guard should be there constructed for the purpose of pasturing and grazing said land by live-stock owned by the plaintiff, and for the proper using and farming of said tract, and by reason of the failure of said defendant to construct said cattle-guard, plaintiff hath lost the use of said tract, or a large part thereof, ever since the day and year last aforesaid, at the county aforesaid, for pasturage and grazing purposes, whereby plaintiff hath been damaged the further amount of two hundred and fifty dollars. "

" (5) Plaintiff further avers that defendant did construct

one farm-crossing on the said tract first hereinbefore described; but the plaintiff avers that the crossing so constructed is insufficient and unsuitable as a farm-crossing, and that by reason of said unsuitable crossing, plaintiff hath been hindered, delayed, and injured in his work and labor of farming and cultivating said tract, and by reason thereof has been further damaged to an amount equal to the sum of one hundred dollars."

"(6) And the plaintiff avers that the defendant failed and neglected to construct a cattle-guard on the lower end of the second tract, hereinbefore described, on the upper side of a lane used in common by the plaintiff and one George W. Buffington, whose land adjoins said last-described tract of this plaintiff, and also said defendant failed and neglected to construct a cattle-guard on the lower side of the lane on the land of the said George W. Buffington, although it was necessary and proper that a suitable cattle-guard should and ought to have been constructed on the upper side of said lane, and one also on the lower side thereof, so as to enable said plaintiff to properly use and enjoy said lane, by reason of which failure to so construct said cattle-guard on either side of said lane plaintiff hath lost the use of said lane and been hindered and delayed and damaged in the use of said lane, whereby plaintiff is further injured and damaged to the amount of five hundred dollars."

"(7) Plaintiff further avers that the defendant did construct two farm-crossings on said second tract of land hereinbefore described; but plaintiff avers that said two crossings are insufficient and unsuitable as farm-crossings, and that by reason of said insufficient and unsuitable crossing, plaintiff has been hindered, delayed, and injured in his work and labor of farming and cultivating said second tract, and by reason thereof has been further damaged the sum of two hundred dollars. Plaintiff avers that he is the owner in fee of two other tracts of land on and across which the defendant had been operating its railroad, transporting freight and passengers over its said road; that said last two tracts are situated in said county, and cleared and under fence, the first of which two tracts is bounded as follows,"

(here follow the boundaries) " and the other of which tracts, containing ——— acres, is bounded and described as follows, " (here follows description.)

"(8) Plaintiff avers that defendant has failed and neglected to construct a cattle-guard at the lower end of said first of the last two tracts hereinbefore described, the said lower end being next to and adjoining land owned by one Thornton Mallery, the said lower end of said tract being a necessary and proper place at which a cattle-guard may be constructed, and being a place at which said defendant ought and should have constructed a suitable cattle-guard ; and plaintiff avers that, by reason of the defendant's failure and neglect to so construct such cattle-guard, he has been and is hindered, delayed, and injured in the use and enjoyment of the said first of the last two tracts hereinbefore described for agricultural, pasturing, grazing, and other farming purposes, and has by reason thereof been further damaged to the amount of three hundred dollars."

"(9) Plaintiff further avers that the defendant has failed and neglected to construct a farm-crossing in the center of the second of the last two described tracts of land, although the center of such tract was a necessary and suitable place where to construct such crossing, and by reason of the failure of said defendant to construct such crossing, plaintiff has been hindered, delayed, obstructed, and injured in his work of farming said tract and cultivating and using the same, by reason of which the plaintiff has been damaged to the further sum of two hundred and fifty dollars."

"(10) And the plaintiff avers that the defendant has failed and neglected to fence its railroad track running over and across the second of said last two described tracts of land, by reason whereof the plaintiff has lost the pasturage of a large part of said second tract for the two years preceding the bringing of this suit, and the plaintiff will be compelled to fence said tract himself, and to maintain the same, and by reason of the loss of said pasturage and the making and maintaining of said fence the plaintiff hath been and is damaged in the further sum of four hundred dollars."

"By reason of the matters and things hereinbefore set out, an action hath accrued unto this plaintiff to have and demand of and from the said defendant damages amounting in all to the sum of three thousand, one hundred and fifty dollars, and therefore he brings this suit."

This declaration was demurred to and the court sustained the demurrer, and the defendant declining to amend, judgment was given against him. I have numbered the several claims for damages for convenience of reference, there being no such enumeration in the original.

The only question before this Court is: Should the demurrer to the declaration have been sustained? In this State the duty to fence its road on the part of a railroad company is purely of statutory creation and is confined to cases of condemnation under chapter 42 of the Code. *Blaine* v. *Railroad Co.*, 9 W. Va. 252. The provisions of that chapter relied upon by the plaintiff were inserted in the general law by the legislature in 1882 (see Acts 1882, c. 80) and are as follows:

" Provided, that if the private property is proposed to be taken by a company incorporated for the construction of a railroad, that no damages shall be ascertained for the construction of farm-crossings, fences, or cattle-guards, or for keeping the same in repair. And in all cases when the property taken under this chapter is by a railroad company, and is land which has been cleared and fenced, the said railroad company shall construct and forever maintain suitable farm-crossings, cattle-guards, and fences on both sides of the land thus taken; and no such railroad shall be used for the transportation of freight and passengers until such fences, farm-crossings, and cattle-guards are built and constructed."

Failure to comply with this enactment on the part of any railway company subject to its provisions would constitute a good cause of action against said company. See 3 Wood, R'y Law, §§ 420, 421. But in this case, the declaration was defective, and the demurrer, had it been confined to the defective assignments, would have been properly sustained as to them. But the demurrer is general, and it devolves upon us to decide, whether this declaration contains any

sufficient averment of a good cause of action of a distinct and divisible nature, which eliminated and standing alone would not be defective. As to the first two tracts in the declaration named they are minutely described, and are averred to be within the jurisdiction of the Court, cleared and fenced; ownership is alleged in the plaintiff, condemnation and occupation by the railroad and every other necessary averment to bring the case as to them under the provisions of the statute.

But the claim marked "1" is fatally defective in not more definitely locating the point, where the farm-crossing would be suitable or necessary, and also and especially defective in not alleging that the point so designated for a farm-crossing is on the land of plaintiff. Obviously, no right of action could accrue to the plaintiff for a failure to erect cattle-guards or farm-crossings on another man's lands, or where the railroad intersects the land of another. The latter objection applies also to the claim which I have marked "2."

The claim marked "3" accurately describes the location and the suitable crossing is said to be on the plaintiff's said land, and I see no defect in this claim, when applied to the previous averments and descriptions of the declaration.

Upon the principles above laid down the claims marked "4," "5," "6" and "7" are all obviously defective.

Whatever facts are necessary to constitute the cause of action must be stated directly and with sufficient particularity to enable a distinct issue to be made up and determined. As to the last two tracts mentioned in the declaration, there is no allegation that the land was condemned by the company, and this defect is fatal to the 8th, 9th, and 10th assignments; for, as we have seen, the duty devolving on railroads to fence and make cattle-guards and farm-crossings at their own expense, where none have hitherto been erected or established, results from statutory provision.

A demurrer to an entire declaration raises the question whether there be or be not matter in the declaration properly averred sufficient to maintain the action. If there be only one count, if it contain a demand of several matters, which in their nature are divisible, any one of which is well

claimed, that is sufficient. See *Henderson* v. *Stringer*, 6 Gratt. 130; *Wheeling* v. *Black*, 25 W. Va. 266; and Bart. Law Pr. 183. The general demurrer therefore should have been overruled, and leave given the plaintiff to amend, if he desired to do so; otherwise at the trial the jury should have been instructed to disregard the defective allegations.

The judgment of the Circuit Court is reversed, and the case remanded with instructions.

REVERSED. REMANDED.