# CHARLESTON.

## HOGE *v.* OHIO RIVER R'D CO.

Submitted June 12, 1891.—Decided November 21, 1891.

1. DAMAGES—RAILROADS—STOCK—EVIDENCE.

In a suit against a railroad company for negligently injuring or killing live-stock on its track, it is not proper for the court to withdraw the decision of the issue from the jury by excluding the plaintiff's evidence, or by directing the jury to find for the defendant, when there is any evidence fairly tending to prove the negligent act of the defendant.

2. DAMAGES—EVIDENCE—INSTRUCTIONS.

But, on the other hand, if there is no evidence tending to prove plaintiff's case, then, after all plaintiff's evidence is in, it is not error in the court to instruct the jury, directly or indirectly, to return a verdict for defendant.

3. DAMAGES—EVIDENCE—INSTRUCTIONS.

If the facts are unambiguous, and there is no room for two honest and apparently reasonable conclusions, the court should not be compelled to submit the question to the jury as one in dispute. *Johnson* v. *Railroad Co.*, 25 W Va. 570.

4. DAMAGES—NEGLIGENCE—EVIDENCE.

A case in which it is *held* not to be error in the Circuit Court to exclude all plaintiff's evidence, there being no evidence tending to show negligence on the part of defendant.

*J. E. McKennan* for plaintiff in error, cited 30 W. Va. 228, 236-238; 9 W. Va. 253; Id. 270; 17 W. Va. 190, 220; 25 W. Va. 570, 578.

*V. B. Archer* for defendant in error, cited 9 W. Va. 266, 267; 32 Barb. 568; 29 Ind. 40; 30 Ind. 324; 72 Ind. 107; 20 Ind. 231; 36 Ind. 15; 7 Am. & Eng. R'y Cas. 545, 588, 590; 13 Id. 534; 31 Id. 528; 29 W. Va. 98; 17 Id. 190; 25 Id. 571; 27 Vt. 643; 16 Ill. 451; 30 Id. 198; 40 Ia. 337; 14 Ind. 30; 50 Miss. 572; 26 Tex. 604; 42 Miss. 603; 35 Mich. 507; 33 Mo. 309; 3 Jones L. 432; 62 Mo. 562; 8 Nev. 111; 26 Ia. 549; 35 Ind. 515; 42 Id. 173; 39 Ill. 451; 72 Id. 537; 80 Id. 76; 34 Ia. 506; 40 Id. 337; 48 Mo. 558; 72 Ind. 107;

73 Mo. 465 ; 79 Id. 196, 432 ; 91 Ind. 295 ; 93 Id. 254 ; 94 Id. 245 ; 96 Id. 450 ; 26 Tex. 604 ; 37 Ohio 554 ;  73 Mo. 456 ; 50 Miss. 572 ; 9 W. C. Rep. 112 ; 27 Vt. 643 ; 16 Ill. 198 ; 30 Id. 451 ; 35 Ia. 191 ;  78 Ky. 421 ;  26 Minn. 484 ; 39  Ark. 413 ; 40 Id. 336 ; 89 Ind. 596 ;  61 Wis. 114 ; 72  Ind. 107 ; 4 Fed. Rep. 862 ;  35 Am. & Eng. R'd Cas. 144 ; Whar. Neg. (2d Ed.) § 899.

Holt, Judge :

This is an action of trespass on the case brought on November 30, 1889, in the Circuit Court of Wetzel county, by W. V. Hoge against the Ohio River Railroad Company. After the conclusion of the evidence of plaintiff, the court, on motion of defendant, excluded the same from the jury, on the ground that it was insufficient to sustain the issue on his part, and thereby directed the jury to render a verdict in favor of defendant, which was done, and the court gave final judgment for defendant. The plaintiff has brought the case here on writ of error to such judgment.

It would answer no useful purpose to set out or comment in detail on plaintiff's evidence. We are of opinion that it does not in any degree tend to prove negligence on the part of defendant in killing the colt in plaintiff's declaration mentioned. The declaration contains two counts, the first of which is as follows :

"William V. Hoge complains of the Ohio River Railroad Company, a corporation  organized and existing under the laws of the State of West Virginia, which has  been summoned to answer said plaintiff of a plea of trespass on the case ; and thereupon the said plaintiff says that heretofore, to wit, on the 8th day of October, 1888, in said  county of Wetzel, the said defendant owned a certain railway track, and ran and operated certain locomotive engines and cars thereon, and on the day and year last aforesaid, at said county, by its servants, negligently ran one of its said locomotive engines upon and against a certain colt, which then belonged to the plaintiff, of great value, to wit, of the value of two hundred and fifty dollars, which was then lawfully on the said railway track of the defendant, and killed the said colt. Whereupon the said plaintiff saith that he is in-

jured and hath sustained damages to the amount of two hundred and fifty dollars. And therefore he sues *etc.*

Defendant demurred to the declaration and to each count, but the court overruled the same, and we think properly; the first count especially being quite brief, and yet containing all essential averments by adding to it the proper conclusion.

But the court during the progress of the trial refused to permit plaintiff to ask his witness certain questions, and to give in evidence a certain *ex parte* plat alleged by him to be a plat of the railroad near Proctor station, a point on the railroad about two hundred and twenty yards below where the colt was killed by the train. It is common, and not improper, for a witness in such cases to make a diagram or map for the jury in order to give them a better understanding of the place of which the witness speaks, or to use one he has made for the purpose, or one he knows to be correct; but generally *ex parte* maps are not of themselves admissible, and can only be used in the circumstances and in the supplementary and ancillary way mentioned above—that is, to go with and explain the testimony of the particular witness. Besides, the *ex parte* map could only show, at best, that the place where the colt was killed was a dangerous place to horses running at large and wandering into it, and upon that part of the track, passing through another man's land.

All we know about the case from the record is that on a very dark night in October, 1888, the up passenger train of defendant, moving slowly rather than fast, killed plaintiff's colt, of the value of one hundred dollars or one hundred and twenty five dollars about two hundred or three hundred yards above Proctor station, nearly opposite the house of plaintiff's witness Evart Huff. Plaintiff's theory of his right to damages seems to be based on the last clause of section 14, c. 42, p. 313, Code:

"And in all cases when the property under this chapter is by a railroad company, and is land which has been cleared and fenced, the said railroad company shall construct and forever maintain suitable farm crossings, cattle-guards, and fences on both sides of the land thus taken;

and no railroad shall be used for transportation of freight and passengers until such fences, farm crossings, and cattle-guards are built and constructed."

It does not appear that the land where the colt was killed had ever been cleared and fenced at the time of the condemnation, or that it was condemned at all, or was the property of plaintiff; and many of the questions, answers to which the court refused to admit, were whether there was any fencing along the track through the place in question—"Is the railroad fenced at Proctor?"—how far the fence was from the track, and questions of like import.

As to the exception on this ground, it is sufficient to say that the witnesses were at last permitted to testify on this point, and that it appears from the evidence admitted on the trial that the track was fenced on both sides for a distance of about two hundred and twenty yards from a point eighty yards above Proctor to a trestle near which the colt was killed; and that there were no cattle-guards below to prevent cattle from going in between the fences; and that the fence was some thirty feet from the track. So that this case, according to plaintiff's contention, illustrates what common observation often shows, that the fencing of the track, although protecting the cattle within the enclosures, sometimes makes it more dangerous for those running at large, the train often driving them along the track rather than away from it. Whether there was any driving along the track in this case, no witness has said or has seemed to know; but that on that October night the colt, the property of plaintiff, and of the value of one hundred and twenty five dollars, was at large, and was killed by the up train on or near the track and near the trestle, are the only material facts known.

As to the cattle-guards. "In this State the duty to fence its road on the part of a railway company is purely of statutory creation, and is confined to cases coming under the provision of the statute." *Clark* v. *Railroad Co.*, 34 W. Va. 200 (12 S. E. Rep. 505). "Obviously, no right of action could accrue to the plaintiff for a failure to erect cattle-guards or farm-crossings on another man's lands or where

the railroad intersects the land of another." 34 W. Va., 206 (12 S. E. Rep. 507). "The common law imposes on the owner of domestic animals the duty of keeping them on his own lands, or within enclosures, and he becomes a wrong-doer if any of them escape or stray off upon the lands of another;" but this common-law rule is not in force in West Virginia, it being inconsistent with the legislation of the State, subject, however, to the qualification that animals which are unruly or dangerous are required to be restrained. *Baylor* v. *Railroad Co.*, 9 W. Va. 270.

Now as to certain other qualifications—"the owner of such animals, in allowing them to run at large, takes the risk of their loss or of injury to them by unavoidable accident from any danger into which they may happen to wander." *Blaine* v. *Railway Co.*, Id. 253. "The right of a railway company to the free, exclusive, and unmolested use of its railroad track is nothing more than the right of every land proprietor in the actual use and occupancy of his lands, and does not exempt the company from the duty enjoined by law upon every person, so to use his own property as not to do any unnecessary injury to another." Id. "Although a railroad company has the right to the free and unobstructed use of its track, and the paramount duty of its employes is the protection of the train and the passengers and property therein, yet such employes are bound to use ordinary care and diligence, so at not unnecessarily to injure the property of others which may be on the track." "It being the duty of the servants of the railroad company, so far as consistent with their other and paramount duties, to use ordinary care to avoid injuring cattle on the track, they are bound to adopt the ordinary precautions to discover danger as well as avoid its consequences after it becomes known." *Baylor* v. *Railroad Co.*, 9 W. Va. 270.

The witnesses for plaintiff were permitted to state that the track was fenced, and to give a full and detailed description of the place where the colt was killed, and of the track and local surroundings, and how the train was run on this particular occasion. What legitimate bearing could the habit of the engineer in running along that part

of the road have upon the question at issue? Such question was properly excluded.

In our view, there is in this record a total absence of facts and circumstances from which any inference of negligence on the part of defendant can be drawn. There is no evidence tending to prove the plaintiff's case. Therefore there was no question for the jury to pass upon; and it was not error for the court, at the close of the case before the jury, to instruct them, in effect, to find, as they did find, a verdict for defendant; and therefore the judgment of the Circuit Court must be affirmed.

AFFIRMED.