## CHARLESTON.

IDA A. BOLYARD v. JOHN M. BOLYARD.

Submitted January 30, 1917.   Decided February 6, 1917.

1. PLEADING—*General Demurrer—Parties.*

   A general demurrer by one of two defendants, to a count of a declaration, disclosing lack of right of action against him, on its face, is properly overruled.   (p. 556).

2. PARTIES—*Misjoinder of Defendants—Pleading.*

   Misjoinder of codefendants in an action at law, predicated on non-liability, not mere personal privilege, is matter of defense to be given in evidence under the general issue and cannot be pleaded either in abatement or in bar of the action.   (p. 558).

3. HUSBAND AND WIFE—*Nonsupport—Action on Bond—Plea of Duress.*

   A plea of duress founded upon an arrest in a lawful proceeding is not sufficient, if it does not aver that the proceeding was insti- tuted without just cause, or that, being founded upon sufficient cause, it was prosecuted for an ulterior or improper purpose.   (p. 559).

4. SAME—*Principal and Surety—Bond—Validity.*

   A bond executed to a wife by her husband and another party as his surety, is, in legal contemplation, void as between her and her husband, and she can maintain no action thereon against him, in a legal forum; but, if such bond is not wholly invalidated by fraud, illegality of consideration, conflict with public policy or a vice of like character, it is nevertheless binding upon the surety.   (p. 557).

5. SAME—*Penal Bond—Validity.*

   A penal bond executed by a husband to his wife, by way of compromise and settlement of difficulties between them, binding him by its condition to resume and maintain his marital and family relations with her and their children and provide them support and maintenance, is founded upon a good and sufficient consideration, and is not forbidden by any positive law or public policy.   (p. 560).

6. SAME—*Bond—Surety—Liability.*

   The surety in such a bond is liable thereon for a breach of its condition, in an action at law brought by the wife.   (p. 557).

7. SAME—*Bond—Liability of Surety—Damages.*

   The damages recoverable in such action may include compensation for loss of the husband's society, extra labor imposed upon

the wife and mental suffering arising from disgrace and humiliation.   (p. 560). · ·

8.   APPEAL AND ERROR—*Reversal as to Coparty.*

If, in such case, a verdict is found and a judgment rendered against both the husband and the surety, the judgment will be reversed and the verdict set aside as to the former, and the judgment affirmed as to the latter.   (p. 562).

Error to Circuit Court, Tucker County.

Action by Ida A. Bolyard against John M. Bolyard and John H. Bolyard.   Judgment for plaintiff, and defendants bring error.

*Reversed, and action dismissed as to John M. Bolyard, and affirmed as to John H. Bolyard.*

*Chas. D. Smith* and *D. E. Cuppett,* for plaintiffs in error.

*J. W. Harman,* for defendant in error.

POFFENBARGER, JUDGE:

The judgment for $854.15, in favor of a wife against her husband and his father, complained of, is founded upon a bond in the penalty of $1,000.00, executed and delivered by way of compromise and settlement of controversies or troubles between the husband and wife, as well as for procurement of the dismissal of a statutory proceeding in a justice's court against the former, for non-support.   The bond bound the husband to renew housekeeping with his wife and family, within twenty days from the date thereof; to remain with his family, except when necessarily away, or absent with the wife's consent, but in no event for an unreasonable time, considering the purposes of the journey; to furnish her and their children, from the date of the instrument, suitable clothing and support, considering their station in life; to treat his wife kindly and as a husband should treat a wife; and not to desert or abandon her or the children.

The first count of the declaration treated the bond as one with collateral conditions, and the second treated it as an unconditional bond for the payment of $1,000.00.   Upon the demurrer, the court sustained the first count and adjudged

the second to be insufficient. Pleas of marriage and duress were rejected by the court. What disposition was made of a plea of *non damnificatus* is not clearly disclosed by the record, but no issue seems to have been made upon it. The case went to the jury upon a general issue as to the form of which no complaint is made.

Since the first count discloses on its face the relation of husband and wife, subsisting between the plaintiff and John M. Bolyard, the demurrer was no doubt predicated upon that relation. But, if it is sufficient as to J. H. Bolyard, the surety in the bond, the demurrer was properly overruled as to that count, for the demurrer was general and not limited to John M. Bolyard. *Clark* v. *Ohio River R. R. Co.,* 34 W. Va. 200; *Wheeling* v. *Black,* 25 W. Va. 266; *Henderson* v. *Springer,* 6 Gratt. 130. Lack of a cross-assignment of error based upon the action of the court in sustaining the demurrer to the second count, renders inquiry as to the propriety of such action unnecessary.

The legal status of the bond, as between the husband and wife, is a threshold question in the case. Under the common law, a contract between husband and wife, in the ordinary sense of the terms, was a legal impossibility. Courts of law recognized no such thing as being possible. In equity, however, fair and reasonable contracts between them were recognized and enforced. It is unnecessary to cite authority for these elementary propositions. In some jurisdictions, the modern statutes enlarging the rights and increasing the powers of married women, respecting the ownership of property and the right of contract, are construed and interpreted as having authorized them to make legally binding contracts with their husbands. In this state, the statute has received a different construction. On more than one occasion, it has been declared that the husband and wife cannot contract with one another, and that the statute has not altered the common law in this respect. *Roseberry* v. *Roseberry,* 27 W. Va. 759; *Pickens* v. *Kniseley,* 36 W. Va. 794, 798; *Bennett* v. *Bennett,* 37 W. Va. 396, 399; *Bruff* v. *Thompson,* 31 W. Va. 16, 23; *Carey* v. *Burruss,* 20 W. Va. 571, 576; *Stockton* v. *Farley,* 10 W. Va. 171. These statutes destroy the legal

identity of husband and wife only for some purposes and to a limited extent. The common law rule places the husband as well as the wife under disability as to contracts made directly between them. He could no more bind himself to her by his contract than she could bind herself to him in such manner. Nothing in the statute discloses intention to emancipate him from this disability. On the contrary, the effect of the statute is to diminish his power respecting his wife's property and enlarge hers. Hence, there is clearly no basis whatever for an inference of intention either to relieve him from disability or enlarge his powers. The act as originally passed did not empower the wife to take separate property from the husband, by inheritance, gift, grant, devise or bequest. Code, 1868, ch. 66. It was amended so as to permit her to do so. Acts, 1891, ch. 109, sec. 2. Later, this amendment was eliminated. Acts, 1893, ch. 3, sec. 3. The legislative action thus disclosed, indicates intention not to disturb the common law rule as to contracts between husband and wife.

In the present state of the law, a married woman has full power and authority to contract with persons other than her husband and to sue in the courts of law for vindication of her contractual rights with such persons. If, therefore, the plaintiff had made a separate contract with J. H. Bolyard, the father of her husband, upon sufficient consideration, she would have undoubted right to maintain an action against him, for the breach thereof, in her own name. He has joined her husband in a contract with her, as surety for the husband. Ordinarily, a principal contract is essential to the existence of a contract of suretyship. Brandt, Sur. & Guar., sec. 163; *Bank* v. *Kingsley,* 2 Doug. (Mich.) 379; *Stull* v. *Davison,* 12 Bush. (Ky.) 167; *Evans* v. *Raper,* 74 N. C. 639. This principle, however, is not general in its operation. It is limited to those instances in which the contract is wholly prohibited by law, or has been procured by fraud. Mere personal incapacity of the principal in the contract does not relieve the surety. *Burner* v. *Nutter,* 87 S. E. 359. The disability of the husband and wife to contract with one another, though absolute in the legal forum, is purely technical. Their contracts are enforcible in equity, if just and fair. They are de-

nied a legal status to the end and purpose that they may be always within the power of the chancellor for enforcement, annullment or modification, as the equities of the situation require. The ban under which such contracts fall is only partial. They are not wholly bad, nor are they prohibited by positive law. They are merely unenforcible in courts of law, or by strict legal process. In the broad sense of the law, including the equity jurisprudence as well as the legal, they are valid. The partial condemnation does not rest upon anything vicious in the sense of immorality. It goes no farther than exclusion from legal cognizance, and this exclusion is effected merely to place them within the exclusive cognizance of that class of courts whose procedure and remedies are sufficiently flexible and varied to enable them to do justice under all circumstances. To put them on a par with contracts fraudulently procured and contracts prohibited by positive law, as being morally or economically vicious, would be logically indefensible. Accordingly it is generally held that a party making himself a surety for a married woman in a note that is void, for lack of power in her legally to bind herself, is bound, notwithstanding the legal invalidity thereof as to her. *Smyley* v. *Head,* 45 Am. Dec. 750; *Stillwell* v. *Bertrand,* 22 Ark. 375; *Kimball* v. *Newell,* 7 Hill 116; *Magge* v. *Ames,* 4 Bing. 470; *Whitworth* v. *Carter,* 43 Miss. 61; *Davis* v. *Statts,* 43 Ind. 103. This thoroughly fortified proposition being accepted as true, the liability of the husband's surety on an obligation given to his wife, is self-evident and requires no demonstration.

As the instrument is under seal, a consideration is presumed, but, if it were not, the circumstances recited in the condition thereof and proved on the trial disclose a sufficient consideration. *Adams* v. *Adams,* 91 N. Y. 381; *Barber* v. *Barber,* 49 N. J. Eq. 429; *Duffy* v. *White,* 115 Mich. 264; Page, Cont. sec. 428.

Since the contract between the husband and the wife is void, in a legal sense, the plea setting up the relation of marriage, if proper at all, was one in bar of the action, not in abatement thereof. *Roseberry* v. *Roseberry,* cited. In as much as there were two defendants, one of whom, the hus-

band, was improperly joined, the plea was inappropriate. Its purpose was to effect an abatement of the action, as to the husband, for misjoinder, and misjoinder of defendants in an action is not pleadable as matter of abatement. It is matter of defense, admissible under the general issue. For that reason, it is not proper matter of a plea in bar, wherefore the court properly rejected the plea. *Harris et al.* v. *North et al.*, 88 S. E. 603.

Setting forth nothing more than that the defendant John M. Bolyard was under arrest on a charge of non-support, on the date of the execution of the bond, and that, while so under arrest, he was threatened with trial and imprisonment under said charge, if he did not make, seal and deliver the bond, and that he made, sealed and delivered the same by reason of such threat and in fear thereof, the plea of duress was wholly insufficient. It neither showed that the arrest or prosecution was without cause or sufficient ground, nor that, being for sufficient cause, the proceeding had been instituted and prosecuted for any improper purpose. Under the statute, sec. 16c, ch. 144 of the Code, a wife has the right to prosecute a criminal proceeding against her husband for gross neglect, failure or refusal to provide reasonable support and maintenance for herself and her minor children, and to cause him to be committed to the county jail for the offense, unless it shall appear that, owing to physical incapacity or other good cause, he is unable to furnish such support. When there is just cause for an arrest, it constitutes no ground of duress, unless it was made for an improper purpose. 10 Am. & Eng. Ency. Law, 323; 9 R. C. L. p. 714; *Baker* v. *Morton*, 12 Wallace (U. S.) 150; *Brown* v. *Pierce*, 7 Wallace (U. S.) 217. No improper motive or purpose on the part of the wife, in the prosecution of the husband under the non-support statute, is intimated or suggested in the plea.

By objections to specifications of the bill of particulars, exceptions to the introduction of evidence over objections made, objections to instructions at the instance of the plaintiff, requests for instructions on their own behalf, refused by the court, and a motion to set aside the verdict and grant a new trial, based partly on the character of damages awarded,

disclosed by special findings in the verdict, made in response to interrogatories propounded at the instance of the plaintiff, the defendants endeavored to limit the amount of the recovery to such sum as was necessary for the support and maintenance of the wife and the children. None of the several conditions of the bond were complied with, and the court, by its rulings upon the question raised in the many forms stated, permitted recovery for failure of the husband to return to his family and remain there, in consequence whereof the wife and children were subjected to exposure to the weather and extra labor and reduced to the necessity and incident humiliation of asking assistance from neighbors, and also for abandonment and desertion, as well as for failure to maintain and support the wife and the children.

Though inaptly and somewhat inaccurately expressed, in some instances, the purpose of the bond was to bind the husband to performance of his marital duty. This purpose cannot be regarded as being, in any sense, inconsistent with public policy. On the contrary, public policy and social order require the performance of the things he bound himself to do. They were just such things as the law itself required of him, but it did not afford remedies adequate to enforcement of full performance thereof. It was the purpose of the bond measurably to supply this defect in the law. Omission of the duties imposed by law upon the husband entail just such results as are relied upon here as elements of damages. Mental suffering, humiliation, mortification and disgrace are matters against which insurance is not ordinarily provided by stipulation or otherwise, but the law in many instances compensates for them as injuries. No reason is perceived why things which sometimes constitute legal elements or grounds of damages, may not be made the subject matter of a contract for indemnity. Moreover, there is a well defined class of contracts for the breach of which such damages are given, namely, promises of marriage. *Flint* v. *Gilpin*, 29 W. Va. 740; *Grubb* v. *Sult*, 32 Gratt. 209; 5 Cyc. 1019; 4 Am. & Eng. Ency. L. 897; 4 R. C. L., p. 156. Though such damages are not always recoverable in actions of tort, they are, when recoverable, deemed to be compensatory and not punitive.

*Davis* v. *Telegraph Co.*, 46 W. Va. 48; *Vinal* v. *Core & Compton*, 18 W. Va. 1; *Gatzow* v. *Buening*, 106 Wis. 1; 13 Cyc. 39. Between this contract and the breaches thereof and a promise of marriage and breach thereof, a very strong analogy is readily discoverable. In the latter case, courts of law give redress and award damages for injured feelings, because such damages are direct and immediate results of the breach. There, the relation of marriage does not preclude right of action. As between a husband and wife, there can be no action at law, for reasons already stated, but an agreement between husband and wife is enforcible in equity. If there could be an action at law for violation of marital rights, the rules governing the estimation of damages in actions for breaches of promise would logically apply. No good reason could be assigned for a different basis for determination of the damages. This contract supplies a basis of legal action, not afforded by the law itself. In other words, it confers a right of action upon the wife, which she would not otherwise have had. Having this, she stands in a situation strikingly analogous to a woman injured by breach of a promise of marriage and having a right of action therefor.

This argument would fail, if the matters set forth in the condition of the bond were not lawful subjects of contract; of course. But the right of contract is a very broad one. Agreements of a mere social character may be broken with impunity. The law takes no cognizance of them. Contracts founded upon illegal considerations or made in violation of law or forbidden by public policy are void and never enforced. Beyond these restraints upon liberty of contract, there are few, if any. The obligations sanctioned by this contract were not simply social. They are even more sacred and more deeply founded in law than those imposed by a promise of marriage. They are not forbidden by public policy. On the contrary, they are favored and upheld by it. ''Agreements to separate have been regarded as against public policy, but it would be strangely inconsistent if the same policy should condemn agreements to restore marital relations, after a temporary separation had taken place.'' *Adams* v. *Adams*, 91 N. Y. 381.

The contentions founded upon the numerous assignments of error are nearly all adverse to the conclusion indicated in the foregoing observations, and no legal questions other than those already disposed of are discussed in the briefs. It would be useless to review, in detail, the rulings as to evidence and instructions, based upon these propositions. Some evidence tending to show the plaintiff had expressed disinclination to accept support from the husband, was excluded, but this occurred after complete breach of the condition of the bond, and none of it tended to prove any actual tender of assistance. No error is perceived in these rulings.

As to John M. Bolyard, the husband, the judgment will be reversed, the verdict set aside and the action dismissed, but as to J. H. Bolyard, the judgment will be affirmed, agreeably to the rule of practice announced in *Pence* v. *Bryant,* 73 W. Va. 126.

*Reversed and action .dismissed as to John M. Bolyard, and affirmed as to John H. Bolyard.*