J. E. BIGGS, SR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15255. Promulgated March 26, 1929.

*E. L. Greever, Esq.*, for the petitioner.
*Paul L. Peyton, Esq.*, for the respondent.

1094

OPINION.

LANSDON: We are concerned here with the single issue whether certain income from an alleged partnership is taxable to the petitioner alone, or to him, his wife and his two sons. The respondent has included as income taxable to the petitioner 50 per cent of the net income of the Norwest Fuel Co. for 1920 and 1921, contending as the basis for such action that Mary J. Biggs, F. C. Biggs and Edwin Biggs were not in fact and in law partners in the Norwest Fuel Co. and that the agreement of partnership, in so far as it relates to petitioner and his family, amounted to nothing more than a gift of income by petitioner to his wife and two sons. We are convinced from the evidence that a *bona fide* partnership was entered into in January, 1920, between petitioner, Mary J. Biggs, Frank C. Biggs, Edwin Biggs, Jairus Collins, Jarius Collins, Jr., E. E. Hartsook, and H. J. Hartsook. The parties intended and agreed to form a partnership and agreed to share the profits and losses. As the respondent points out, petitioner's wife and two sons contributed no property to the partnership and of the three only Frank contributed services. None of the partners, however, contributed property to the partnership. The capital needed in the conduct of the business was borrowed on the partnership note which was, in effect, a contribution by each party to the agreement of partnership.

Edwin Biggs was 19 years of age when the partnership agreement was executed. His infancy was a factor which enabled him

to disaffirm his obligations and agreements. It was a personal privilege, however, and, having elected to abide by the partnership contract, his position is that of any responsible person. *Continental National Bank* v. *Strauss*, 137 N. Y. 148; 32 N. E. 1066.

The respondent alleges that in West Virginia a partnership between husband and wife is void. In a recent comprehensive and much cited opinion, *Bolyard* v. *Bolyard*, 79 W. Va. 554; 91 S. E. 529; L. R. A., 1917 D, 440, the supreme court of that State has clearly defined the status of a partnership between husband and wife. In its opinion the court states:

> On more than one occasion, it has been declared that the husband and wife cannot contract with one another, and that the statute has not altered the common law in this respect. *Roseberry* v. *Roseberry*, 27 W. Va. 759; *Pickens* v. *Kniseley*, 36 W. Va. 794, 798, 15 S. E. 997; *Bennett* v. *Bennett*, 37 W. Va. 396, 399, 16 S. E. 638, 38 Am. St. Rep. 47; *Bruff* v. *Thompson*, 31 W. Va. 16, 23, 6 S. E. 352; *Carey* v. *Burruss*, 20 W. Va. 571, 576, 43 Am. Rep. 790; *Stockton* v. *Farley*, 10 W. Va. 171, 27 Am. Rep. 566. * * * The legislative action thus disclosed indicates intention not to disturb the common-law rule as to contracts between husband and wife.
>
> * * * The disability of the husband and wife to contract with one another, though absolute in the legal forum, is purely technical. Their contracts are enforceable in equity, if just and fair. They are denied a legal status to the end and purpose that they may be always within the power of the chancellor for enforcement, annulment, or modification, as the equities of the situation require. The ban under which such contracts fall is only partial. They are not wholly bad, nor are they prohibited by positive law. They are merely unenforceable in courts of law, or by strict legal process. In the broad sense of the law, including the equity jurisprudence as well as the legal, they are valid. * * *

Cf. *Garrett* v. *Kirtley* (W. Va.), 125 S. E. 347; *Keller* v. *Washington* (W. Va.), 98 S. E. 880; *Leros* v. *Parker* (W. Va.), 91 S. E. 660; *Hendricks* v. *Isaacs*, 117 N. Y. 411; 22 N. E. 1029; Schouler on Marriage, Divorce and Domestic Relations (6th Ed.), p. 549.

In the instant proceeding the respondent has included as income taxable to petitioner the shares of the partnership net earnings distributed to his wife and two sons, under the terms of the agreement. In the *Bolyard* case, *supra*, the court points out that the husband is under disability as to his wife's property. At page 530 it is stated:

> * * * The common-law rule places the husband as well as the wife under disability as to contracts made directly between them. He could no more bind himself to her by his contract than she could bind herself to him in such manner. Nothing in the statute discloses intention to emancipate him from this disability. On the contrary, the effect of the statute is to diminish his power respecting his wife's property and enlarge hers. * * *

The purpose of the Married Woman's Act in West Virginia is to protect her property. Mary J. Biggs has actually participated in conducting a partnership business which resulted in large profits

**1096**

and she will be protected in her share thereof even against creditors of her husband. *Huffman* v. *Copeland*, 86 Ind. 224; *Elliott* v. *Hawley* (Wash.), 76 Pac. 93; 101 Am. St. Rep. 1016. In 13 R. C. L. 1370, this question is discussed as follows:

On the other hand, the rule denying the right to form such a partnership is intended for the protection of the wife's separate property, to prevent her from entering into such engagements with her husband that her separate property may be taken from her in satisfaction of his debts; the purpose of the rule is, not to work a loss to the wife, but to prevent it, and therefore, where a husband and wife have conducted a partnership business which has resulted in large profits, she will be protected in her share thereof even as against creditors of her husband.

In an action against the partnership the petitioner could not have recovered the share of his wife and children in the partnership earnings. His wife received the profits accruing to her as a partner, made income-tax reports accordingly, and paid the tax. We are of the opinion that the respondent erred in including as petitioner's income that part of the partnership net earnings which belonged to others. Cf. *L. F. Sunlin*, 6 B. T. A. 1232; *Estate of John Barnes, Jr.*, 7 B. T. A. 924; 30 Fed. (2d) 289; *Earle L. Crossman*, 10 B. T. A. 248; *Elmer Klise*, 10 B. T. A. 1234; *Albert Kahn*, 14 B. T. A. 125.

Reviewed by the Board.

*Decision will be entered under Rule 50.*