## PUGH v. UNITED STATES.
### No. 2637.

District Court, S. D. West Virginia.
May 11, 1931.

Edgar J. Goodrich, of Charleston, W. Va. (Price, Smith & Spilman, of Charleston, W. Va., on the brief), for plaintiff.

James Damron and Okey P. Keadle, both of Huntington, W. Va., for the United States.

McCLINTIC, District Judge.

This is a petition filed by the plaintiff to recover an alleged overpayment on an assessment for income tax in the sum of $1196.20. With a slight exception, the facts are stipulated.

Plaintiff was a partner in the firm of Pugh Furniture Company on the 1st day of January, 1926, and owned 77½ per cent. of the business. R. G. Hubbard owned 17½ per cent. Helen M. Moore owned 2²⁄₁₀ per cent. E. O. Byrd owned 2⁸⁄₁₀ per cent. Early in the year 1926 plaintiff purchased the interest of R. G. Hubbard, which gave him 95 per cent. ownership of the business of the Pugh Furniture Company. Immediately upon such purchase, plaintiff transferred and set over as a gift to his wife, Flora B. Pugh, the ownership of 40 per cent. of the partnership, attempting to make her a partner in the business.

There was a net taxable income of the Pugh Furniture Company for the year 1926 of $22,108.92. Flora B. Pugh received 40 per cent. thereof, which amounted to $8,843.57, and she reported that amount under her invidual income tax report for the year 1926—and paid the tax thereon.

Plaintiff received 55 per cent. thereof, amounting to $12,159.90, and reported that amount on his individual income tax report for the year 1926, and paid the tax thereon. The other partners reported their shares and paid the tax thereon.

On the 13th day of April, 1926, the Commissioner of Internal Revenue assessed a deficiency tax against plaintiff, and of the deficiency assessed, $1196.20 resulted from the act of the commissioner in adding to the return of plaintiff's income the entire sum reported as income from the Pugh Furniture Company by Flora B. Pugh, on the ground that a husband and wife cannot contract together to form a partnership, under the laws of the state of West Virginia, and that Flora B. Pugh was not a member of the partnership and was not entitled to a distribution of profits therefrom.

Plaintiff paid this deficiency assessment and filed a claim for refund of that amount and interest in the proper way and manner, which claim was rejected by the commissioner and plaintiff notified of the rejection. Thereupon, plaintiff instituted this suit within the statutory period.

I further find as a fact that the plaintiff made this gift to his wife, Flora B. Pugh, not in fraud of any creditors, and that Flora B. Pugh had a very substantial estate of her own, and that due notice was given to the mercantile agencies, and to other persons with whom the partnership dealt, of the fact of the new partner coming in, and that a substantial amount was added to the credit side of the partnership by reason of the advent of Flora B. Pugh as a partner with the amount of the separate estate owned by her, and that she took an active part in the business of the partnership, and worked and labored therein.

Upon the foregoing findings of fact the question arises: "What is the position of Flora B. Pugh in law?" The defendant claims that under the statutes and decisions of the state of West Virginia, a husband and wife cannot be partners, and that for that reason the decision of the commissioner is correct. The plaintiff claims that she was, in fact, a partner in the Pugh Furniture Company, and as such was entitled to her distributive share of the earnings thereof, which should be and was included in her individual taxable income for said year, and further that if the court should hold that she was not a partner, nevertheless, 40 per cent. of the earnings thereof belonged solely to and was receivable by and taxable to her as the return on property owned by her as separate estate.

Plaintiff cites a decision of the United States Board of Tax Appeals, Docket 15255 and promulgated March 26, 1929, entitled J. W. Biggs, Sr., Petitioner, v. Commissioner of Internal Revenue, Respondent, 15 B. T. A. 1092. This case came from West Virginia, and the Board of Tax Appeals held that where the petitioner, his wife and two sons, with four others, formed a partnership for operating a coal mine, during the taxable years there should be included as taxable income to the petitioner only the share of the partnership's net earnings that did not belong to the others, and, in effect, held that under the laws of West Virginia, a wife can be a partner with the husband.

The claim was made in that particular case by the commissioner that the petitioner and his wife and sons were not, in fact and in law, partners in the particular company, and that the agreement of partnership, so far as it related to the petitioner and his wife and two sons, amounted to nothing more than a gift of income by petitioner to his wife and two sons. The claim was made therein that in West Virginia a partnership between a husband and wife is void.

In the brief of defendant, filed in that case, the action of the commissioner was based on the case of Bolyard v. Bolyard, 79 W. Va. 554, 91 S. E. 529, 530, L. R. A. 1917D, 440. This same case is likewise quoted in the present case as authority for the claim that a partnership between a husband and wife is void.

A careful consideration of the Bolyard Case convinces me that the Supreme Court of the State of West Virginia did not intend to hold, nor did it hold, that a partnership between a husband and wife was void. It did hold that in law a contract between a husband and wife is not recognized. The language of the court in the opinion on this subject is as follows:

"The disability of the husband and wife to contract with one another, though absolute in the legal forum, is purely technical. Their contracts are enforceable in equity, if just and fair. They are denied a legal status to the end and purpose that they may be always within the power of the chancellor for enforcement, annulment, or modification, as the equities of the situation require. The ban under which such contracts fall is only partial. They are not wholly bad, nor are they prohibited by positive law. They are merely unenforceable in courts of law, or by strict legal process. In the broad sense of the law, including the equity jurisprudence as well as the legal, they are valid. The partial condemnation does not rest upon anything vicious in the sense of immorality. It goes no farther than exclusion from legal cognizance, and this exclusion is effected merely to place them within the exclusive cognizance of that class of courts whose procedure and remedies are sufficiently flexible and varied to enable them to do justice under all circumstances. To put them on a par with contracts fraudulently procured and contracts prohibited by positive law, as being morally or economically vicious, would be logically indefensible."

This language primarily indicates that the opinion of the Supreme Court of the State of West Virginia was and is that such partnership was not void, and while the rights thereunder could not be enforced at law, they could easily be taken care of in equity.

I am of opinion that the income of Mrs. Pugh from such partnership is solely her own separate property, and that while she is taxable thereon, her husband is not. It necessarily follows, from this view, that there should be judgment for the plaintiff for the amount set out in his petition.