## J. W. BRACKMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45714.   Promulgated October 1, 1931.

*E. L. Hogsett, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

## OPINION.

MATTHEWS: The sole issue presented in this proceeding is whether the petitioner and his wife were partners so that only one-half of the income derived from the business conducted by them jointly is taxable to the petitioner. The petitioner's wife from the time they were married always assisted in the business and gave him advice as to what investments to make. They orally agreed to share the profits and losses equally. The profits were not distributed to them, but were invested in real estate, which was taken in their joint names.

Stevenson, who was credit manager of a company which advanced supplies for the lunch wagon, testified that in extending credit he looked to Brackman and his wife for payment and presumed that they were in partnership. He knew that the real estate stood in their joint names. Gohen, a bank official, testified that in lending money to them and in accepting their notes it was recognized that they were jointly interested in the business conducted by them. While the testimony of the parties concerned that there was such an oral agreement is not sufficient to establish a partnership, when taken into consideration with their actions, the activities of the wife and the investment of their surplus in joint property, and the testimony of Stevenson and Gohen, we are of the opinion that the petitioner has established the existence of a partnership between himself and his wife during the taxable year. See *Thomas F. Kelley*, 9 B. T. A. 834; *John T. Newell*, 17 B. T. A. 93.

We do not believe that the fact that the returns were made for prior years on the basis of a partnership between the petitioner and his son Howard is material. The petitioner's wife did not know that returns were being made in this way and the petitioner testified that he merely signed them when they were made out, not realizing their significance. Both of them testified emphatically that Howard was not a partner in the business and the respondent did not introduce any evidence to rebut this testimony.

The respondent contends, however, that under the law of West Virginia a partnership between husband and wife is not valid. In the case of *J. E. Biggs, Sr.*, 15 B.T.A. 1092, we held that where a husband and wife entered into a partnership in West Virginia the husband was not taxable on the wife's distributive share of the partnership's earnings.

A similar decision was reached by the District Court for the Southern District of West Virginia in the case of *Pugh* v. *United States*, 48 Fed. (2d) 600. That court referred with approval to the *Biggs* case and held that, in accordance with the case of *Bolyard* v. *Bolyard*, 79 W. Va. 554, although in law in that State a partnership contract between a husband and wife is not recognized, such a partnership is not void and rights arising thereunder could be enforced in equity. The court further held that where a husband, after acquiring 95 per cent interest in a partnership business, transferred as a gift to his wife the ownership of a 40 per cent interest therein, the income of the wife from such 40 per cent interest was taxable to her and not to her husband. See also *Leininger* v. *Commissioner*, 51 Fed. (2d) 7. In accordance with these decisions we hold that the petitioner is not taxable on the share of the partnership earnings which were distributable to the wife, and reported by her on her return.

*Judgment will be entered for the petitioner.*