# CHARLESTON

## DICKINSON v. STUART COLLIERY COMPANY.

Submitted February 20, 1912.   Decided November 19, 1912.

1. MASTER AND SERVANT—*Explosion in Coal · Mine—Actionable Negligence.*

   The fact of an explosion in a coal mine is not *prima facie* evidence of actionable negligence on the part of the owner or operator of the mine.   The rule *res ipsa loquitur* does not apply. (p. 327).

2. SAME.

   It is actionable negligence for the owner or operator of a coal mine to employ a boy under the age of twelve years to work in such mine, in violation of section 412, chapter 15H, Code 1906.   (p. 328).

3. INSURANCE—*Injury to Minor—Rights of Father to Recover.*

   Where a father consents to or is a party to a contract of employment, of his infant son under twelve years of age, in a coal mine, in violation of section 412, chapter 15H, Code 1906, and the son is killed by an explosion in the mine, and the father would be sole beneficiary of any recovery, his contributory negligence in respect to such employment will bar action against the owner or operator of the mine, for damages, unless such owner or operator be guilty of some other act of negligence, not of a fellow servant, shown to have been the proximate cause of such explosion, and consequential death of such infant employee.   (p. 328).

Error to Circuit Court, Fayette County.

Action by R. H. Dickinson against the Stuart Colliery Company.   Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Littlepage, Cato & Bledsoe, C. W. Osenton* and *C. R. Summerfield,* for plaintiff in error.

*Mollohan, McClintic & Mathews* and *Dillon & Nuckolls,* for defendant in error.

MILLER, JUDGE:

This is an action by plaintiff, as administrator, under sections 5 and 6, chapter 103, Code 1906,—our Lord Campbell's Act—for wrongfully causing the death of Dallas E. Love, a boy

under twelve years of age, employed in defendant's coal mine, the result of an explosion on January 29, 1907.

On the trial, after plaintiff had introduced all his evidence and rested, the court below, on motion of defendant, struck out all the evidence, directed a verdict for defendant, and thereon pronounced the judgment of *nil capiat,* now complained of.

The declaration contains thirteen counts, charging defendant with negligence in the performance or non-performance of many statutory and common law duties; but no attempt was made to establish by evidence negligence of omission or commission, except, (a) failure to provide a second opening as provided by section 405, chapter 15H, Code 1906; (b) failure to provide a proper system of ventilation; (c) stopping or slowing down of the fan by the superintendent on the day of the explosion; (d) employment of decedent, a boy under the age of twelve years contrary to section 412, of chapter 15H, Code 1906. It is claimed that the evidence of these facts admitted, or erroneously rejected, at the least, make a *prima facie* case of negligence, entitling plaintiff to have the case go to the jury, and to a recovery if the jury so found.

We cannot, however, accede to this proposition. The fact is admitted and proven that the mine had but the one opening; it was comparatively a new mine, and a second opening in process had not yet been completed; but there was absolutely no evidence showing or tending to show that the want of a second opening was the proximate or even remote cause of the explosion or injury. Moreover, witnesses for plaintiff admit that the system of ventilation was ample and sufficient to have properly ventilated the mine, that this fan was of the best and most improved inventions, and that properly operated it would have furnished ample ventilation to all parts of the mine, considering the nature and character of the mine for generating noxious and dangerous gases. Complaint is made of the rejection of the evidence of expert witnesses on the question, of the safety of the mine without a second opening, and of other assumed defects in construction; but the questions propounded were very indefinite, and no showing was made as to what the evidence would be, and if material, we cannot say there was error in the rulings of the court thereon.

Next, as to the stopping or slowing down of the fan by the superintendent. Evidence admitted, and rejected, showed or tended to show that on the day, and a short time before the explosion, the superintendent, while necessary repairs were being made in the shaft, and on complaint of the men at work there of cold air going down the shaft, slowed down the fan from seventy-five to twenty-five revolutions per minute. Assuming this to be the act of a vice principal, and violative of section 409, chapter 15H, Code 1906, as claimed, there is not a particle of evidence showing or tending to show that twenty-five revolutions would not furnish sufficient air to ventilate the mine, or that this act of the superintendent was the proximate cause of the explosion and of the consequential injury to the deceased. The fact is, however, that the section of the statute referred to permits the shutting down of the fan when repairing the machinery or doing other work in the mine which may make it necessary. But it is not claimed the fan was wholly shut down, but only that the speed was reduced, not a violation of the statute unless a higher speed was required to properly ventilate the mine during the time required to repair the shaft. The slowing down of the fan to make repairs, not shown to have proximately caused the explosion, was therefore simply one of the dangers necessarily incident to the operation of the mine, and for which no actionable negligence can be imputed to defendant, though ordered or done by the vice principal, the superintendent.

The fact of the explosion is not, as plaintiff's counsel affirm, even *prima facie* evidence of negligence, calling for explanation. In other words the rule *res ipsa loquitur* does not apply. We take judicial notice that explosions occur in the best equipped, best regulated and perfectly ventilated mines. Moreover, the owner or operator is not liable when the explosion is the result of negligence of a fellow servant, and not of its neglect to furnish a reasonably safe place in the first instance, or to employ a competent mine boss or fire boss, or to perform some other statutory or common law duty imposed. *Squilache* v. *Coal & Coke Co.*, 64 W. Va. 337; *Williams* v. *Thacker Coal & Coke Co.*, 44 W. Va. 599; *McMillan* v. *Coal Co.*, 61 W. Va. 531; *Helliel* v. *Piney Coal & Coke Co.*, 70 W. Va. 45, 73 S. E. 289;

*Bralley* v. *Coal & Coke Co.,* 66 W. Va. 278. High authority says that violation of a statute or ordinance is not even *prima facie* actionable negligence, except when the court can say as matter of law that the consequences against which the statute was intended to provide have actually ensued from its violation. 4 Thompson, Law Neg., section 3827; 21 Am. & Eng. Ency. Law, 480, quoted in *Norman* v. *Coal Co.,* 68 W. Va. 405, 408.

But was the employment of the boy in violation of the statute, actionable negligence? We decided in *Norman* v. *Coal Co., supra,* with reference to a boy under the age of fourteen years, that his employment in a coal mine in violation of the statute does constitute actionable negligence whenever that violation is the natural and proximate cause of the injury. And this is so according to the rule enunciated in the *Norman Case,* although the boy may have negligently contributed to his injury, if such contributory negligence was of that character which the statute was intended, with respect to youths of that age, to provide against. And it is also held that such youths are not to be regarded as having assumed the risks of injuries due to the negligence of fellow servants, as the statute was intended to protect them against all such injuries which might result from the ordinary operations of the mine or plant where employed.

But the foremost and controlling question we have presented here, and the one mainly relied on in defensè, is whether the act of the father, who under our law would be the beneficiary of any recovery, in consenting to the employment of the boy, and who in fact was the real party to the contract of employment, and received the wages of his infant son, will defeat a recovery, upon the principle of estoppel or negligence contributing to the death of his child? Of course, if his death resulted from some positive violation of the statute or other fault, for which defendant was responsible, and shown to have been the proximate cause, the contributory negligence of the father in consenting to the employment could not be regarded as the proximate cause, for in that event the employment would not have been the last or causing cause.

But on the evidence we have determined that there was no negligence of the defendant other than the unlawful employ-

ment to which the father contributed, precluding recovery. The expression of the Court in the opinion in *Daniel* v. *Coal Co.,* 68 W. Va. 490; and in *Burke* v. *Big Sandy Coal & Coke Co., Id.* 421, is not to be regarded as laying down a different rule. It is argued that the statute to not employ infants is directed against the employer, and not to the parent or guardian. Section 412, chapter 15H, Code 1906, may perhaps be so construed; but section 456 of the same chapter, *in pari materia,* imposes a penalty on the parent or guardian for allowing an infant of the inhibited age to be so employed in a mine or factory.

The point was not distinctly decided, but *Gunn* v. *Ohio River Railroad Co.,* 42 W. Va. 676 and *Bias* v. *C. & O. Ry. Co.,* 46 W. Va. 349, practically commit us to the rule, supported by reason and by the great weight of authority, that where the child is living the negligence of the father cannot be imputed to it, to effect its right of action and recovery; but where the child is dead, and the father is by law, the sole distributee of the child, and would be the beneficiary of any recovery, his negligence in consenting to and in becoming a party to the contract of unlawful employment, will bar recovery, regardless of who may be the administrator suing, unless the injury or death of the child was the result of defendant's willful or wanton act as the proximate cause. The Virginia case of *N. W. Ry. Co.* v. *Groseclose,* 88 Va. 267, 13 S. E. 454, 29 Am. St. Rep. 718, said to hold the contrary doctrine, was distinctly overruled in the later case of *Richmond F. & P. R. Co.* v. *Martins Adm'r.* (Va.) 45 S. E. 894, where the Iowa case of *Wymore* v. *Mahaska County,* 78 Iowa 396, 43 N. W. 264, is criticised and disapproved. In Iowa the statute gives right of recovery to the estate of the minor and also to one of the next of kin. It will serve no good purpose to review or criticise the many cases laying down the rule to which we have declared our allegiance. Some of these are cited by Judge BRANNON in the two decisions referred to. Others will be found collated in other judicial decisions and text books on negligence. In the recent case of *Davis, Adm'r.* v. *Seaboard Air Line Ry.,* (N. C.) 48 S. E. 591, reported, with note, in 1 Am. & Eng. Anno. Cases, 214, some of these cases and text books are cited for the proposition to which we have

given our approval, and applicable to this case, namely, that "While the negligence of parents, or others *in loco parentis,* cannot be imputed to a child to support the plea of contributory negligence, when the action is for his benefit, yet when the action is by the parent, or the parent is the real beneficiary of the action, as distributee of the deceased child, the contributory negligence of the parent can be shown in evidence in bar of the action." This doctrine, as declared in the North Carolina case and other cases, is founded on the wholesome doctrine that one shall not be permitted to profit by his own wrong.

The many other points raised and argued in briefs of counsel become unimportant, because uncontrolling and immaterial.

The judgment below is therefore affirmed.

*Affirmed.*