# CHARLESTON.

MARY A. HAMILTON v. JOSEPH F. HAMILTON.

Submitted January 9, 1924.        Decided January 22, 1924.

HUSBAND AND WIFE—*Wife May Sue Husband on His Note to Third Person, Held by Her Under Will of Promisee.*

> A married woman may sue her husband at law upon a promissory note executed by the husband to a third person and which the wife now holds as legatee under the last will and testament of the promisee, no right of contract between the husband and wife being involved.

Case certified from Circuit Court, Marion County.

Proceeding by way of motion for judgment by Mary A. Hamilton against Joseph F. Hamilton. A special plea of defendant was stricken and the question certified.

*Affirmed.*

*H. H. Rose*, for plaintiff.
*Shaw & Shaw*, for defendant.

LITZ, JUDGE:

Proceeding by way of motion for judgment, under Section 6, Chapter 121, Code, (Barnes' 1923), the plaintiff on the 8th day of March, 1919, served the defendant with written notice that she would, on the 31st day of March, 1919, move the circuit court of Marion county for judgment against him in the sum of $319.83, upon a certain negotiable promissory note for $200.00, dated April 5, 1909, signed by the defendant as maker and payable to the order of Coleman Whalen, one day after date with interest from its date, said note having thereafter passed to the plaintiff as a legatee under the last will and testament of said Coleman Whalen.

After the case had been tried once, the defendant on April 29, 1921, filed his special plea averring in effect that the relationship of husband and wife existed between the parties at the time of the execution of the note sued on and had ever since continued. On motion of the plaintiff this plea

was stricken from the record on the ground that it constituted no defense to the action; and from that ruling of the trial court the case is certified here.

It is asserted for the defendant, in support of the plea, that in this State a married woman can not sue her, husband at law, although the action be for the recovery of her separate property. At common law, because of the legal fiction that during coverture the legal existence of the wife is suspended and merged in that of the husband, neither spouse can maintain against the other an action at law. Furthermore, while laboring under this common law disability, she can not contract with her husband or third persons, nor ordinarily sue or be sued without the husband being joined.

But our statutes have greatly enlarged and increased the rights and powers of married women respecting the ownership of property, and the right of contract. The legal status of married women, relating to suits by and against them, has also undergone radical change in this State. Section 1 of Chapter 66, Code, preserves to the married woman, free from the control or debts of her husband, all separate property, real and personal, and the rents, issues, profits and the increase thereof, heretofore acquired under the laws of this State, or of any other State or country, as her sole and separate property in all respects, as if she were a single woman.

Section 2 provides that the real and personal property of any female who may hereafter marry, and which she shall own at the time of marriage, and the rents, issues and profits thereof, shall not be subject to the disposal of her husband, nor liable for his debts, and shall be and continue her sole and separate property as if she were a single woman.

Section 3 empowers married women to take by inheritance or by gift, grant, devise or bequest from any person other than her husband, and hold to her sole and separate use free from the control and debts of her husband, and convey and devise, real and personal property and any interest or estate therein, and the rents, issues and profits thereof in the same manner and with the same legal effect as if she were unmarried; except that no married woman, unless she be living separate and apart from her husband, shall sell and convey

real estate without her husband joining in the deed, or other writing by which the same is sold or conveyed.

Section 13 permits suit against a married woman without joining her husband, in the following cases: (1) Where the action concerns her separate property; (2) where the action is between herself and her husband; and (3) where she is living separate and apart from her husband. This section further provides that in no case need she prosecute or defend by guardian or next friend.

Under Section 15, "A married woman may sue or be sued in any court of *law or chancery* in this State, which may have jurisdiction of the subject matter, the same in all cases as if she were a feme sole, and any judgment rendered against her in any such suit shall be a lien against the corpus of her separate real estate, and an execution may issue thereon and be collected against the separate personal property of a married woman as though she were a feme sole."

Prior to 1893 the statute regulating suits by or against married women, Section 12, Chapter 66, Code, 1891, was as follows: "A married woman may sue and be sued without joining her husband in the following cases: (I.) Where the action concerns her separate property; (II.) where the action is between herself and her husband; (III.) where she is living separate and apart from her husband. And in no case need she prosecute or defend by guardian or next friend."

In 1893 the legislature modified this section by making it apply only to suits *against* the woman, but retained the provision that in no case need she prosecute or defend by guardian or next friend, and added Section 15, Chapter 66 of the present Code, above quoted. The law has remained as then enacted.

This Court frequently has declared that husband and wife can not contract with one another and that the statute has not altered the common law in this respect. *Bolyard* v. *Bolyard,* 79 W. Va. 554; *Roseberry* v. *Roseberry,* 27 W. Va. 759; *Pickens* v. *Kniseley,* 36 W. Va. 794, 798; *Bennett* v. *Bennett,* 37 W. Va. 396, 399; *Bruff* v. *Thompson,* 31 W. Va. 16, 23; *Carey* v. *Burruss,* 20 W. Va. 571, 576; *Stockton* v. *Farley,* 10 W. Va. 171. Hence contracts between them can not be

enforced at law. *Bolyard* v. *Bolyard, Roseberry* v. *Roseberry* and other cases above cited.

But the plaintiff in this case is not seeking enforcement of a contract with her husband. She is only suing to vindicate her separate property rights, unaffected by any such contract. The substantive laws of this State concede to her, as her sole and separate property, the subject matter of this suit, with full and complete power and right to enjoy and dispose of the same, free from the debts and control of the defendant husband; so it is accordingly needful to the enjoyment of these substantive rights that they be accompanied with equal measure of adjective or remedial rights. She may therefore sue or be sued in any court of *law or chancery* in this State, which may have jurisdiction of the subject matter, the same in *all* cases as if she were a feme sole. So says the statute.

In the case of *Bennett* v. *Bennett,* cited, Judge BRANNON, discussing the law affecting married women prior to 1893, says: "Our statute (chapter 66 of the Code) allows a married woman to hold and enjoy property as her separate estate free from the power of her husband, and from that fact it might be thought she could sue him to effectuate and vindicate her separate property right,—sue him as well as any one else; and especially so as Section 15 gives her the right to sue alone 'where the action or suit' concerns her separate property, or is between her and her husband, using the words 'action or suit', referring both to actions at law and suits in equity, seeming to be an unlimited grant of capacity to sue her husband. * * * From cases which I noticed in examining other matters I incline to think that under our statutes she could maintain ejectment or detinue against her husband to recover real or personal property. *Crater* v. *Crater,* 118 Ind. 521, 21 N. E. Rep. 290; *Wood* v. *Wood,* 83 N. Y. 575; *Minier* v. *Minier,* 4 Lans. 421; *Emerson* v. *Clayton,* 32 Ill. 493; *Martin* v. *Robinson,* 65 Ill. 129; *McKindry* v. *McKindry,* 18 Atl. Rep. 1078; 6 Law Rep. Ann. 506 and note."

*Bolyard* v. *Bolyard,* cited, in the opinion states: "In the present state of the law, a married woman has full power

and authority to contract with persons other than her husband and to sue in the courts of law for vindication of her contractual rights with such persons.''

We think, in view of its broad provisions, the statute should be construed as affording the married woman remedies commensurate with her substantive legal rights. Such construction is both within the letter and the spirit of the law.

The ruling of the circuit court will be affirmed.

*Affirmed.*