# CHARLESTON.

LEVI A. IRVINE, ADM'R. v. UNION TANNING COMPANY.

Submitted September 9, 1924.    Decided October 14, 1924.

1. DEATH—*Action for Wrongful Death of Infant Unlawfully Employed Cannot be Maintained by Father Consenting to Such Employment.*

    An action for the wrongful death of an infant, proximately caused by his unlawful employment in violation of section 72, chapter 15-H, Barnes' Code, 1923, (the child labor statute), can not be maintained for the benefit of the minor's father; he being the sole beneficiary of any recovery, if the father consented to the unlawful employment.    (p.391).

2. SAME—*Consent of Father to Infants Unlawful Employment Not Defense in Action for Wrongful Death Caused by Employers Negligence.*

    But although the infant was unlawfully employed, with the

consent of his father, in violation of the child labor statute, if his death was proximately caused, not by his unlawful employment, but by some other act of negligence of his employer, the fact that the father is the sole beneficiary of any recovery, and consented to the unlawful employment is no defense in an action for the infant's wrongful death.   (p. 392).

3.  MASTER AND SERVANT—*Infant Unlawfully Employed Without Knowledge of Father Not Employed With Latter's Consent.*

An infant unlawfully employed without the knowledge of the infant's father can not be deemed to have been employed with the father's consent.   There can be no consent where there is no knowledge.   (p. 391).

4.  SAME—*Workmen's Compensation Not Inapplicable to Persons Unlawfully Employed.*

The provisions of the Workmen's Compensation statute, chapter 15-P, Barnes' Code, 1923, do not apply to any person prohibited by law from being employed.   (p. 394).

5.  SAME—*Workmen's Compensation Act Held Unavailable to Either Party in Action for Wrongful Death of Infant Unlawfully Employed.*

In the trial of an action for wrongful death of an infant while unlawfully employed, proximately caused by defendant's negligence, the compensation statute can not avail either party, whether plaintiff's case is based on the unlawful employment of the infant or upon some other independent act of negligence of the defendant.   (p. 394).

Case certified from Circuit Court, Pocahontas County.

Action by Levi A. Irvine, administrator, against the Union Tanning Company.   A demurrer to the declaration was overruled, and special pleas rejected, and the questions certified.

*Affirmed.*

*N. C. McNeil, F. R. Hill,* and *A. P. Edgar,* for plaintiff.
*Chas. S. Dice,* and *Andrew Price,* for defendant.

MEREDITH, PRESIDENT:

The circuit court overruled defendant's demurrer to plaintic's declaration, rejected its special pleas Nos. 1 and 2, and the questions arising thereon were certified for review.

This is an action for wrongful death, brought by Levi A.

Irvine, as administrator of Mirl A. Irvine, deceased. Decedent was killed in defendant's service, while operating an elevator which was connected with defendant's steam-heating plant. At the time of his death, according to the averments of the declaration, he was under 14 years of age. His father, who qualified as his administrator, is the sole heir of decedent, and as such would be the sole beneficiary of any recovery. The declaration charges in effect that defendant negligently and unlawfully operated and permitted its elevator to be operated without complying with the provisions of section 61, chapter 15-H, Barnes' Code, 1923. That section provides:

> "All hoistways, hatchways, elevator wells and wheel holes in factories, mercantile establishments, mills or workshops, shall be securely fenced, enclosed or otherwise safely protected, and due diligence shall be used to keep all such means of protection closed, except when it is necessary to have the same open, in order that the said hatchways, elevators or hoisting apparatus may be used. All elevator cabs or cars, whether used for freight or passengers, shall be provided with some device, whereby the car or cab may be held in the event of accident, to the shipper rope or hoisting machinery or controlling apparatus."

In addition to charging that defendant violated these specific provisions, it avers that it would have been reasonable to have complied with all the said requirements; that contrary to sections 71 and 72, chapter 15-H, Barnes' Code, 1923, the defendant negligently and unlawfully employed the decedent, who was a boy under the age of fourteen years, to work in and about its steam-heating plant, and through its officers and foreman, wilfully, negligently and wantonly assigned the decedent to duties which required him to operate said elevator in the steam-heating plant, the defendant, its officers and foremen well knowing the decedent was under fourteen years of age and that the elevator upon which he was assigned to work was dangerous and unsafe; that it would suddenly drop on account of the locking device or other working parts being out of order and repair; that the

elevator shaft or well and the elevator car were not fenced, enclosed or otherwise safely protected; that the defendant while operating the elevator was caught about his head and neck between the elevator car and the elevator well whereby he was injured and from which injuries he died. It is also averred upon information and belief that defendant was a subscriber to the Workmen's Compensation Fund under chapter 15-P of the Code, but that defendant is not entitled to the protection and benefits thereof because of its violation of sections 61, 71 and 72 of chapter 15-H of the Code; that the father of decedent in no wise consented to or acquiesced in the employment of said decedent, and his employment by defendant to work in its steam-heating plant was without the konwledge, consent or acquiescence of his father.

The declaration is not well arranged; while the facts are stated, the different charges of negligence and omission of duty could be stated in a more orderly and logical manner. However, defendant makes no objection to the averments or lack of averments. The sole objections pointed out on demurrer are:

1.   That because the father suffered or allowed his son to be employed in violation of the statute, section 74, chapter 15-H, Code, he thereby committed a criminal offense and therefore the action can not be maintained, since he would receive the benefit of an injury resulting from his own wrong.

2.   That the father was guilty of contributory negligence in permitting his son to be employed by defendant, and for that reason there can be no recovery.

Both of these propositions embody the same principle, namely, that one can not take advantage of his own wrong. We think a sufficient answer to both is that the declaration distinctly negatives the fact that the father knowingly or willingly suffered his son to be employed by defendant. It says that he in no manner consented, but that the employment was without his "knowledge, consent or acquiescence." Counsel for defendant seems to take the position that in no event can there be a recovery by the administrator for the benefit of the father for the wrongful death of an infant, caused by the negligence of his employer, where he is employed in violation of the child labor law, apparently

resting it on the ground that it is the mandatory and unescapable duty of the father at all times and places and under all circumstances to know where his child is and that whenever and wherever the child is employed it is with the father's consent. This can not be the law. Suppose a child within the prohibited age runs away from home; his father does not know where he is. He obtains employment in a coal mine and is killed while at work there by reason of his employer's negligence. Must we say that in such case he was employed with his father's knowledge and consent, because it is the duty of the parent to control the child and to know where he is? We do not think so. Certainly the father under the facts supposed would not be criminally liable; nor can we hold that he would be estopped from asserting the employer's civil liability for the wrong, because of any contributory negligence of the parent. Counsel cite *Swope* v. *Keystone Coal & Coke Co.*, 78 W. Va. 517, 89 S. E. 284, L. R. A. 1917-A, 1128, for the proposition that "for the death of a boy, in consequence of his employment in a coal mine, in violation of the statute, there is no right of recovery by the administrator for the benefit of the father." That case does not so hold; but it does hold that there can be no recovery in such case, if the father either expressly or impliedly consents to the unlawful employment. There the father abandoned his wife and children. She obtained a decree of divorce, for alimony and the custody of the children. The father, to avoid payment of alimony, left the state. One of the children was employed in a coal mine with the mother's consent, and was killed. We held that the conduct of the father, impliedly at least, showed that he constituted his wife his agent for the care and custody of the children and that when she consented to the son's employment, that was the consent of the father, and an action could not be maintained for the father's benefit.

But plaintiff does not rest his case solely or even mainly on the ground that the decedent was unlawfully employed, in violation of the child labor law, section 72, chapter 15-H, Code. His main ground we take it is that the defendant violated the statute in failing to guard its elevator shaft and to equip the elevator cab with a proper device whereby the

cab might be held "in the event of accident, to the shipper rope or hoisting machinery or controlling apparatus," as required by section 61, chapter 15-H, Code. In other words, the gist of the complaint is that defendant did not furnish the decedent a reasonably safe place to work, and that this failure or act of negligence was the direct or proximate cause of his injury. If this should prove to be the case, then the fact that the father consented to his son's employment would not bar recovery in this action. As we understand the law, the parent consenting to the unlawful employment wherein his child is injured is barred recovery only in those cases where the unlawful employment is the direct or proximate cause of the injury. But if death results from some act of negligence of the defendant, other than its unlawful employment of the infant, as for example, its failure to provide a reasonably safe place to work, or to provide reasonably safe tools and appliances with which to work, or its positive violation of some statute, other than the statute prohibiting the employment of the decedent, and such act of negligence be shown to be the direct or proximate cause of the injury, then the defendant would be liable, even though the parent consented to the employment. As stated by Judge MILLER in *Dickinson* v. *Stuart Colliery Co.*, 71 W. Va. 325, 76 S. E. 654, "Of course, if his death resulted from some positive violation of (the) statute or other fault, for which the defendant was responsible, and shown to have been the proximate cause, the contributory negligence of the father in consenting to the employment could not be regarded as the proximate cause, for in that event the employment would not have been the causing cause."

Such is the effect of the decision of the majority of the court in *Norman* v. *Virginia Pocahontas Coal Company*, 68 W. Va. 405, 69 S. E. 857. In that case Norman, under the age limit provided for employment of minors in coal mines, was injured while so unlawfully employed. The action was based upon the fact that he was unlawfully employed, not on any act of negligence other than the mere unlawful employment. Judge ROBINSON tersely stated the law as follows:

"The violation of the (child labor) statute is actionable negligence whenever that violation is

97 W. Va.

the natural and proximate cause of an injury. The
true question to be determined in an action based
upon a failure to obey a statute like the one under
consideration is: Did the unlawful employment
cause the injury? The trial of the case must be
guided by this question. If the injury complained
of is a natural and probable consequence of a
violation of the statute, then that violation is cor-
rectly taken as the proximate cause of the injury.
If the injury has happened which was intended to
be prevented by the statute law, that injury must
be considered as directly caused by the non-observ-
ance of the law. But if the injury is one that hap-
pened by causes independent of the violation of
the statute, it is not actionable on the basis of that
violation. If an intervening event against which
the statute evidently did not intend to provide, and
the appearance of which was not anticipated by
the spirit and purpose of the act, has in fact caused
the injury, that event is plainly the proximate
cause.''

Hence, if defendant's violation, not of the statute prohibit-
ing the employment of infants under a certain age, but of
the statute requiring it to guard and protect its elevator was
the proximate cause of the injury, it makes no difference
whether the father consented to the unlawful employment
of his son or not; because the father's contributory negligence
in consenting to the unlawful employment, not being the
proximate cause of the injury, would be of no avail to de-
fendant. Unless protected by some safety device an, eleva-
tor is just as likely to fall with an adult as with an infant;
but as this case is now upon demurrer, we need make no
further comment in anticipation of what may be proved up-
on the trial. The demurrer was properly overruled.

Defendant's special plea No. 1 is to the effect that plaintiff
can not maintain the action because defendant at the time of
the accident was then and has ever since been complying with
the Workmen's Compensation Law, chapter 15-P, Code. If
he were unlawfully employed, then the Workmen's Com-
pensation Law has no application whatever to this case. It
has no bearing on either side of the case. Section 9, chapter
15-P, Barnes' Code, 1923, provides that ''the act shall not

apply * * * * to persons prohibited by law from being employed.'' The trial should proceed without reference to the Workmen's Compensation statute,—just as if that statute had never been enacted and did not exist; and this is true, whether plaintiff's case is based on (1) the unlawful employment, or (2) on the defendant's failure to provide him a safe place to work. *Mangus* v. *Proctor-Eagle Coal Company*, 87 W. Va. 718, 105 S. E. 909; *Barnett* v. *Coal & Coke Ry. Co.*, 81 W. Va. 251, 94 S. E. 150; *Gunnoe* v. *Glogora Coal Co.*, 93 W. Va. 636, 117 S. E. 484. It follows that plea No. 1 was properly rejected.

Defendant's plea No. 2 is to the effect that the action can not be maintained because the father, who is the sole beneficiary in the action, consented to his son's employment, thereby contributing to the injury. This plea is wholly unnecessary, as the matters therein alleged could be shown under the plea of the general issue, which defendant also filed. It was properly rejected because it does not show that the defendant, a corporation, appears by attorney. 4 Minor, Inst. p. 764.

We therefore affirm the ruling of the circuit court, and it will be so certified.

*Affirmed.*