# CHARLESTON.

M. M. WICKLINE, *Admr.* v. PHOENIX MUTUAL LIFE INSURANCE COMPANY

(No. 6282)

Submitted November 13, 1928.   Decided November 27, 1928.

*Brown, Jackson & Knight,* for plaintiff in error.

*Henry S. Cato* and *Sam Silverstein,* for defendant in error.

LITZ, JUDGE:

The plaintiff obtained judgment for $5,400.00 against the defendant, in an action on an insurance policy, pursuant to a finding by the court, acting in lieu of the jury, upon an agreed statement of facts showing: that the defendant issued and delivered to Albert F. O'Dell, April 5, 1926, a policy of insurance insuring his life and naming his wife, Elsie Myrtle O'Dell, as beneficiary; that on September 5, 1926, while the policy was in effect said Myrtle O'Dell "unlawfully, feloniously and wilfully killed the said Alfred F. O'Dell by shooting four shots into his body with a revolver"; that on the first day following Elsie Myrtle O'Dell by her last will and testament bequeathed the proceeds of the insurance policy to her sister, and on the second day following died from the effects of poison self administered with suicidal intent; and that there are now in the hands of plaintiff assets sufficient to pay the indebtedness of the estate of Alfred F. O'Dell, who left surviving him an adoptive father but no blood relations.

The right of the plaintiff to maintain the action is resisted on the ground of public policy. *Johnson* v. *Metropolitan Life Insurance Co.,* 85 W. Va. 70, decides that the administrator of a life insurance policy holder cannot recover on the policy where the decedent has been murdered by the sole distributee of the estate. The law is stated in points 1, 2 and 4 of the syllabus as follows:

"The beneficiary in a policy of life insurance who murders the insured will be denied the right to recover thereon upon grounds of public policy.

"Where the beneficiary in a policy of life insurance murders the insured, and subsequently assigns his interest in the policy to another, such assignee will acquire no better right than his assignor, and will not be entitled to recover upon the policy.

"Under our law prohibiting the forfeiture of estates upon conviction of crime, the estate of one who is murdered will pass by devolution to the

426

person designated by law to take the same, notwithstanding such person may have been guilty of murder in taking the life of the one from whom he inherits.''

The insured in that case, as in this one, was murdered by his wife, the beneficiary in the policy and sole distributee of the estate. She had undertaken there to assign her interest to another, and the suit was brought on the policy by the administrator of the insured. In denying the right of action to the administrator on the ground that a recovery by him would inure to the benefit of the wrong-doer, or others claiming under her, and permit by indirection what the law forbids directly, the court, in the course of its opinion, said:

"The insured had no children, and his widow under the law of descents and distributions is the sole distributee of his personal estate. The fact that the courts will not on grounds of public policy permit her to bring suit to recover this fund does not bar her from taking the estate of her deceased husband. Under our law there is no longer corruption of blood or forfeiture of estates upon conviction of crime, and there is no exception in our statutes of descents and distributions precluding one from inheriting in a case like this. The laws governing the devolution of property are an expression of the public policy of the state contained in its constitution and legislative acts, and the courts are not justified in attaching to these acts exceptions or limitations which have not been placed thereon by the law-making bodies. It therefore follows that if the personal representative of the insured in this case is permitted to recover this fund, the beneficiary will accomplish by indirection that which she could not do directly. * * * Will the courts then allow themselves to be used for the purpose of bringing into existence an estate which will by operation of law devolve on one who because of his conduct is not entitled to it? The administrator has no interest in the subject-matter. It is agreed here that the insured left no debts, and it follows that every dollar of the fund recovered by the administrator in his representative capacity must go to the mur-

dress. The suit is simply in his name for the benefit of the one who feloniously caused the insured's death.''

There is no merit in the claim that the administrator should be permitted to recover for the benefit of the creditors of the estate. They are no more interested than the administrator. There are now in the hands of the administrator, according to the stipulation of facts, assets sufficient to satisfy all of their claims. The adoptive father has no interest, assuming that he may inherit from the estate of the adopted son, for the reason, as stated in the *Johnson* case, ''that every dollar of the fund recovered by the administrator must go to the murdress,'' as sole distributee of the estate, or those claiming under her. This ruling is supported also by the cases of *McDonald* v. *Life Insurance Co.*, 178 Iowa 863, 160 N. W. 289; *Dickinson* v. *Colliery Co.*, 71 W. Va. ·325, and *Swope* v. *Coal Co.*, 78 W. Va. 517, cited in the *Johnson* case.

The judgment of the circuit court is therefore reversed and the action dismissed.

*Reversed and action dismissed.*