MARY SECURO, *Infant, etc.,* v. TONY SECURO

(No. C.C. 439)

Submitted January 14, 1931.   Decided January 20, 1931.

*J. W. Powell,* for plaintiff.
*Eddy & Kennedy,* for defendant.

MAXWELL, JUDGE:

The plaintiff, an unemancipated girl of sixteen, residing with her father, the defendant, was injured in an automobile accident while a passenger in her father's automobile, driven by him. She sues him for damages. The circuit court overruled the defendant's demurrer to the declaration and has certified to us the question of the sufficiency of the declaration

particularly on the point as to whether the plaintiff may maintain this action against her father.

In many of the states the courts have recognized and followed the rule that an unemancipated infant may not maintain an action of tort against his parents. *Hewellette* v. *George,* (Miss.) 9 So. 885; *Elias* v. *Collins,* (Mich.) 211 N. W. 88, 52 A. L. R. 1118 and annotation; *Wick* v. *Wick,* (Wis.) 212 N. W. 787; *Small* v. *Morrison,* (N. C.) 118 S. E. 12, 31 A. L. R. 1135 and annotation; *Matarese* v. *Matarese,* (R. I.) 131 Atl. 198; *Ciani* v. *Ciani,* 215 N. Y. S. 767; *Taubert* v. *Taubert,* (Minn.) 114 N. W. 763; *McKelvey* v. *McKelvey,* (Tenn.) 77 S. W. 664; *Smith* v. *Smith,* (Ind.) 142 N. E. 128; *Roller* v. *Roller,* (Wash.) 79 Pac. 788. (In the last case a girl was denied the right to maintain an action against her father for damages, though the wrong complained of was rape.) See texts also: 20 Ruling Case Law, page 631; 46 Corpus Juris, page 1324; Schouler, Domestic Relations, (6th Ed.) Vol. I, page 717; Cooley on Torts (3rd Ed.) Vol. I, page 299.

The basis of this rule, as appears from the cases and texts, lies in the very vital interest which society has in preserving harmony in domestic relations, and in not permitting families to be torn asunder by suits for damages by petulant, insolent or ungrateful children against their parents for real or fancied grievances. It is deemed better that an occasional wrong should go unrequited than that family life should be subjected to the disrupting effects of such suits. This reasoning is certainly sound in so far as it applies to supposed causes of action resting merely on carelessness or failure to exercise due diligence and judgment, and that, of course, includes the instant case. But whether the rule should be carried to the extent, as some of the cases have done, of denying an infant the right to maintain an action for damages against his parent for injury inflicted with evil intention and from wicked motives is a question not now before us but remains for consideration if such unfortunate situation should arise.

We sustain the demurrer to the declaration and dismiss the action.

*Reversed and rendered.*