MYRTLE LUSK *v.* ED LUSK *et al.*

(No. 7319)

Submitted October 11, 1932. Decided October 25, 1932.

*Wm. Cody Fletcher* and *H. E. De Jarnette,* for plaintiff in error.

*French, Easley, Easley & French,* for defendants in error.

HATCHER, PRESIDENT:

This is an action in assumpsit by a school girl, sixteen years of age, to recover damages for personal injuries which she suffered from the alleged negligent operation of a school bus. She would reverse here a directed verdict for defendants below.

The plaintiff is an unemancipated minor residing with her father, the defendant Ed Lusk. He owned the bus and operated it under a contract with the defendant board of edu-

cation to transport the school children along a certain route to and from school. The contract bound him to furnish a "safe conveyance", keep it in "good repair", and "use the greatest care and precaution for the protection and comfort of the pupils transported." He and the board carried an indemnity insurance policy with the defendant Guaranty Company, which insured them against loss and/or expense arising from claims for damages of "any person", except their employees, for bodily injuries, etc., in consequence of an accident attributable to the operation of the bus. The policy contained the usual direct public liability clause in the form prescribed by the state road commission. For copy of the form, see *Criss v. Guaranty Co.*, 105 W. Va. 380, 381-2, 142 S. E. 849. Plaintiff was on the bus (front seat) going to school when a rubber water connection on the bus engine burst and permitted the escape of a quantity of steam and hot water, some of which fell on her. This frightened her and she leaped from the bus, breaking her ankle. The original hose water connection had worn out and had been replaced by a section of an old inner tube, and its use is charged as negligence. A dealer in automobile parts stated that the hose is strengthened by cotton fabric, and was of opinion that use of the tube in place of the hose was not safe and was not "in keeping with ordinary practice and prudence". Ed Lusk, called as a witness for plaintiff, said that a regular hose connection would burst too, and from his experience with both hose and inner tube, was of opinion that the tube was as serviceable and as safe as the hose. (This testimony was brought out on the cross-examination of Lusk and for that reason would not preclude the plaintiff.)

Plaintiff's counsel realize that she has no right of action against the board of education under *Boice v. Board* (W. Va.), 160 S. E. 566; and concede that the demurrer of the board to the declaration, should have been sustained. They recognize that *Securo v. Securo*, 110 W. Va. 1, 156 S. E. 750, opposes a recovery from a father. But they would differentiate this case on the theory that she was a passenger for hire on the bus, and that in its operation her father was a public carrier and as such caused her injury. We are not impressed with the idea that the ills accredited to such actions may be

obviated merely by suing the parent in his business capacity. Nice vocational distinctions would mean nothing to the child or the parent. To both, the defendant would be essentially the parent and it would be against him (as such) the child would be publicly arrayed. But a different situation arises where the parent is protected by insurance in his vocational capacity. The rule followed in the *Securo* case concedes the commission of a civil wrong on the child by the parent, but palliates the wrong (in case of passive negligence) in the interest of parental discipline and control and of domestic harmony. A wise provision when so confined and where pertinent to the case. McCurdy, 43 Harv. L. R. 1079, sec. 5. But as was said in the case of *Dunlap v. Dunlap* (N. H.), 71 A. L. R., 1055, '' The law does not make fetishes of ideas'', and we must not exalt this rule above ordinary common sense. A maxim of the common law (and of the ages for that matter) is when the reason for a rule ceases the rule itself ceases (*cessante ratione legis cessat ipsa lex.*) There is no reason for applying the rule in the instant case. This action is not unfriendly as between the daughter and the father. A recovery by her is no loss to him. In fact, their interests unite in favor of her recovery, but without hint of ''domestic fraud and collusion'' (charged in some cases.) There is no filial recrimination and no pitting of the daughter against the father in this case. No strained family relations will follow. On the contrary, the daughter must honor the father for attempting to provide compensation against her misfortune. Family harmony is assured instead of disrupted. A wrong is righted instead of ''privileged''.

When no need exists for parental immunity, the courts should not extend it as a mere gratuity. Without such an extension, nothing stands in the way of this action. It is familiar law that a child may bring to account the parent for wrongful disposition of the child's own property. It must not be said that courts are more considerate of the property of the child than of its person (when unaffected by the family relationship). This holding does not conflict with the construction of the direct liability clause made in *Criss v. Guaranty Co., supra,* 383. The plaintiff must still establish the liability of the father (stripped of parental immunity) for her

injury. When she does so, the Guaranty Company becomes responsible directly to her for the recovery.

The defendants take the position that the evidence of her injuries is too indefinite to sustain a verdict. She testified that both bones of her ankle were broken, that three casts in all were placed on the ankle, that it "hurt bad at times", that she lost three months at school and at the date of the trial, one year after the injury, the ankle was "stiff and enlarged" and still painful. We consider her description sufficiently definite.

This action may be maintained in assumpsit on the alleged breach of the contract of defendant Lusk to keep the bus in *good repair* and *use the greatest care for the protection of the pupils transported. Jenkins v. C. & O. Ry. Co.*, 61 W. Va. 597, 57 S. E. 48. The Guaranty company is properly joined with Lusk, because of its consent thereto in the public liability clause, as construed in *Conwell v. Hays*, 103 W. Va. 69, 136 S. E. 604.

We therefore hold that plaintiff made a prima facie case against her father and the Guaranty company, and it was error for the court to take the case from the jury. The judgment is reversed, and a new trial awarded the plaintiff.

*Reversed; new trial awarded.*