HAROLD FETTY *v*. E. H. CARROLL, *Administrator, etc.*

(CC 575)

Submitted February 24, 1937. Decided March 23, 1937.

*Rummel, Blagg & Stone* and *Maurice J. Crocker,* for plaintiff.

*E. E. Robertson* and *Lillian S. Robertson,* for defendants.

HATCHER, JUDGE:

This certificate presents the question, may a valid settlement with the sole distributees of a decedent for his

wrongful death be introduced in defense of the tort-feasor in an action of trespass on the case against him by decedent's administrator to recover damages for such death? The question arises on a bill of the tort-feasor to enjoin the law action. The trial court answered the question in the negative.

Under Code, 55-7-6, an action for wrongful death is for the exclusive benefit of the decedent's next of kin; and while the decedent's administrator alone may sue, his relation to any fund recovered is not that of decedent's representative, but that of trustee for the next of kin. *Richards* v. *Riverside Iron Works,* 56 W. Va. 510, 513, 49 S. E. 437. Statutes similar to ours in other states have received a like construction. See *White* v. *Ward,* 157 Ala. 345, 350, 47 So. 166, 18 L. R. A. (N. S.) 568; *McKeigue* v. *Chicago & N. W. Rr. Co.,* 130 Wis. 543, 546, 110 N. W. 384, 11 L. R. A. (N. S.) 148, 118 Am. St. Rep. 1038, 10 Ann. Cas. 554. Since the administrator has the right of action only for the benefit of the distributees, he is in legal effect their representative. It would therefore seem the thing to do to admit any defense against him which would be a defense against them. The action of trespass on the case inherently permits a defense of that kind. The action is founded on "mere justice and conscience," is "in the nature of a bill in equity", and consequently, is subject to any defense which "in equity and good conscience" would preclude a recovery. *Ridgeley* v. *West Fairmont,* 46 W. Va. 445, 33 S. E. 235; *Dunham* v. *Western Union Telegraph Co.,* 85 W. Va. 425, 428, 102 S. E. 113; 11 C. J., subject Case, Action on, section 2; 27 R. C. L., subject Trespass on the Case, sections 2 and 35. The only purpose of the action herein is to secure for the distributees damages for their decedent's death. If already they have effected with the tort-feasor a valid settlement of the damages, the object of the action has been anticipated, and, *in equity and good conscience,* the action itself should fail. Therefore, the liberal practice in trespass on the case would permit the tort-feasor to nip the action without circuity. We find no

precise precedent in this jurisdiction; but in the following actions for wrongful death, conduct of the distributee was admitted in the defense of the tort-feasor: *Dickinson* v. *Stuart Colliery Co.*, 71 W. Va. 325, 76 S. E. 654, 43 L. R. A. (N. S.) 335; *Swope* v. *Keystone Coal & Coke Co.*, 78 W. Va. 517, 89 S. E. 284, L. R. A. 1917 A, 1128; and *Daniels* v. *Thacker Fuel Co.*, 79 W. Va. 255, 90 S. E. 840.

While there is not entire harmony in other jurisdictions on this question, it is said to be "generally held that a release executed by * * * the person having exclusive right to the amount recovered, bars an action by the personal representative." 35 L. R. A. (N. S.), p. 210. Accord: 8 R. C. L., p. 790; 17 C. J., p. 1247. Illustrative cases are *Sykora* v. *Case Threshing Mach. Co.*, 59 Minn. 130, 60 N. W. 1008, *Christie* v. *Chicago, etc., Ry. Co.*, 104 Iowa 707, 74 N. W. 697, and *McFadden* v. *St. Paul Coal Co.*, 263 Ill. 441, 105 N. E. 314.

Counsel supporting the negative of the question and taking the position that the tort-feasor can avail himself of the settlement only in a court of equity, rely especially on *Kennedy* v. *Davis*, 171 Ala. 609, 55 So. 104, at 106, Ann. Cas. 1913B, 235. That case did enjoin an administrator's action under circumstances similar to those here, but the opinion is inconclusive (a) because of this admission: "* * * It therefore seems to follow that a settlement and release made between the wrongdoer and the sole distributee is binding on the administrator, in an action by him against the wrongdoer for the wrongful death of the intestate;" and (b) because it did not take cognizance of the equitable nature of the action of trespass on the case.

The ruling is accordingly

*Reversed.*