L. E. MORGAN, *Sheriff, etc. Administrator*, ESTATE OF ALGIE M. SIMONS, *Deceased*

*v.*

GERALD J. LEUCK

(CC 796)

Submitted September 23, 1952. Decided November 11, 1952.

LOVINS, JUDGE, dissenting.

*Paul J. Shiben* and *James W. Pyles,* for plaintiff.

*Ball & Francis,* for defendant.

GIVEN, JUDGE:

This action of trespass on the case commenced in the Circuit Court of Wetzel County, by L. E. Morgan, Admin-

istrator, c. t. a., of the estate of Algie M. Simons, against Gerald J. Leuck, to recover .damages for causing the death of Algie M. Simons by his allegedly wrongful act. The decedent's death occurred on February 25, 1950, as a result of an accident which occurred while decedent was riding in an automobile owned and then being driven by the defendant.

Defendant filed a plea in abatement which sets up as a defense to the action that Miriam Leuck, the wife of the defendant, will be the sole beneficiary of any recovery accruing by reason of this action. It is asserted in the plea that in effect this action is one brought by a wife against her husband and therefore, as a matter of law, is not maintainable. Plaintiff demurred to the plea in abatement which demurrer was overruled and the trial court, upon the joint motion of the parties, certified its ruling to this court.

The grounds of the plaintiff's demurrer are:

That, "Contrary to the allegations of the plea in abatement, the act is not one of a wife against a husband."

That, "The plea in abatement alleges no cause for the abatement of this action.".

The foregoing presents one question: May an action for wrongful death, under Code, 55-7-5, as amended by Chapter 20, Acts of the Legislature, 1931, be maintained, where the entire recovery, if any be had, will go to the wife of the defendant? Or, to pose the question in another manner, is this action in substance an action by a wife against the husband?

Undoubtedly, the common law rule of unity of husband and wife and the public policy of this state prohibits actions by one spouse to recover damages from the other for a tort. A spouse cannot sue the other in the courts of this state to recover damages for a tort occurring in a state which permits such action. *Poling* v. *Poling*, 116 W. Va. 187, 179 S. E. 604.

An action for recovery of damages for a tort brought

by a feme sole against joint defendants, and the plaintiff, subsequent to bringing the action, marries one of the defendants abates as to defendant who marries the plaintiff. *Staats* v. *Transit Co.,* 125 W. Va. 473, 24 S. E. 2d 916. The personal representative of a deceased wife may not maintain an action for wrongful death against the personal representative of her deceased husband, though a serious estrangement existed between the husband and wife. *Wright* v. *Davis,* 132 W. Va. 722, 53 S. E. 2d 335.

The reason underlying this public policy is stated in various ways. The substance of such reason is that to permit litigation between spouses would disturb the tranquility of marital relations and would tend to cause bickerings, quarrels and disruptions of such relations.

The same rule has been applied for the similar reason with reference to litigation between a parent and an unemancipated infant child. *Securo* v. *Securo,* 110 W. Va. 1, 156 S. E. 750. It is to be noted that the doctrine of *Securo* v. *Securo, supra,* has been somewhat weakened by the decision of this court in the case of *Lusk* v. *Lusk,* 113 W. Va. 17, 166 S. E. 538. The *Lusk* case is distinguished from the *Securo* case upon the ground that the parent in the *Lusk* case was protected by insurance.

"A married woman may sue her husband at law upon a promissory note executed by the husband to a third person and which the wife now holds as legatee under the last will and testament of the promisee, no right of contract between the husband and wife being involved." *Hamilton* v. *Hamilton,* 95 W. Va. 387, 121 S. E. 290.

The right involved in the instant case, however, is not a contractual right. Under Code, 55-7-5, as amended, the maintenance of the action and the recovery as authorized by that statute provides for the recovery of damages only as for a tort. *State* v. *Scouszzio,* 126 W. Va. 135, 27 S. E. 2d 451. We are of the opinion that the declaration and the plea in abatement does not involve any question relating to the sole and separate property of a married woman.

The public policy above mentioned has been criticized,

but now is so firmly inbedded in our jurisprudence that we are not inclined to disturb, modify or alter such a policy. For an informative discussion relating to tort between persons in domestic relation, see Volume 43, Harvard Law Review, page 1030, *et. seq.*

We have also noted a line of decisions in this state which permits the interposition of a defense against a personal representative, based on the contributory negligence of one or more of the beneficiaries of recovery.

At common law, there was no right of action for damages for injury occasioned by the death of a person caused by a wrongful act. The right of action was first given by a statute passed by Parliament of England, known as Lord Campbell's Act. See *Swope* v. *Coal & Coke Co.,* 78 W. Va. 517, 89 S. E. 284.

This being a cause of action created by the statute and given only to the personal representative of the deceased, under the clear terms of the statute, does not accrue to the beneficiary. In this instance, the wife of the defendant had no cause of action against her husband. This action is brought in the name of the personal representative of the decedent, and, regardless of the fact that the wife of the defendant is the sole beneficiary, this action is not one brought by a wife against a husband and is not within the common law rule. *Albrecht* v. *Potthoff,* (Minn.) 257 N. W. 377; cf *Rodney* v. *Staman,* (Pa.) 89 A. 2d 313.

The language of Code, 55-7-5, as amended, is very persuasive. The pertinent portion of the statute reads as follows: "Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, * * *".

Undoubtedly, had Algie M. Simons survived his injury, he would have been entitled to maintain an action against his son-in-law, the defendant, to recover damages.

To permit the defense presented by the plea in abatement in this action would, in effect, disregard the plain terms of Code, 55-7-5, as amended. We are of the opinion that the mere fact that Miriam Leuck is the wife of Gerald Leuck, the defendant, and will be entitled to the recovery, if any is had, is not a bar nor a defense to this action.

In accord with the foregoing, the ruling on the demurrer to the plea in abatement is reversed.

*Ruling reversed.*

LOVINS, JUDGE, dissenting:

I respectfully dissent from the conclusion reached in this action. As stated in the Court's opinion, the public policy of this state does not permit one spouse to sue another for the recovery of damages for a tort. The cases of *Poling* v. *Poling,* 116 W. Va. 187, 179 S. E. 604; *Staats* v. *Transit Co.,* 125 W. Va. 473, 24 S. E. 2d 916; *Wright* v. *Davis,* 132 W. Va. 722, 53 S. E. 2d 335; indubitably establish and define that policy. Further, as stated, the gravamen of the plea in abatement considered in this case is the admitted fact that the sole beneficiary of a recovery, if any be had, is the wife of the defendant.

The decision herein ignores realities and gives undue weight to form, rather than substance. It seems specious to me to say that this action is not in reality one by a wife against a husband. The cause of the action is in fact that of the wife. She does not have the right to bring this action, but the fact the statute gives the right of action to the personal representative of Algie M. Simons and not to the beneficiary, should be disregarded.

If we adhere to the public policy adverted to in the Courts' opinion with reference to the unity of husband and wife, we certainly cannot, with logic and due respect

to reality, say that a wife who is the sole beneficiary of a recovery in an action, brought by the personal representative of the wife's father against her husband, is not actually an action against her husband.

The dissenting opinion in *Albrecht* v. *Potthoff,* 257 N. W. (Minn.), 377, is sound in reason and comports with the public policy of this state. The doctrine laid down in *Davenport* v. *Patrick,* (N. C.), 44 S. E. 2d 203, states the true rule to be applied in cases of this kind. The 9th headnote in *Davenport* v. *Patrick, supra,* reads as follows: "The administrator of childless deceased wife's estate, not being entitled to recover damages from her surviving husband for her wrongful death as result of husband's negligence, has no cause of action against husband for amount of wife's burial expenses." *Davenport* v. *Patrick, supra,* also holds that, "Courts will look beyond nominal party, whose name appears on record as plaintiff in death action, and consider legal questions raised as affecting real party in interest."

This court likewise looks beyond nominal parties to the party in interest. An action for wrongful death of an infant, illegally employed, is barred by the contributory negligence of a minor's father who is the sole beneficiary of recovery. *Hendricks* v. *Public Service Co.,* 111 W. Va. 576, 163 S. E. 411; *Irvine* v. *Tanning Co.,* 97 W. Va. 388, 125 S. E. 110; *Wills* v. *Coal Co.,* 97 W. Va. 476, 125 S. E. 367; *Swope* v. *Coal & Coke Co.,* 78 W. Va. 517, 89 S. E. 284; *Hendricks* v. *Public Service Co., supra; Dickinson* v. *Stuart Colliery Co.,* 71 W. Va. 325, 76 S. E. 654. The first and second points of the syllabus in the *Swope* case read as follows: "1. For the death of a boy under fourteen years old, in consequence of his employment in a coal mine, in violation of the statute, Code, 1913, ch. 15H, sec. 26, ser. sec. 485, Barnes' Code, ch. 15H, sec. 24, with the consent of the father, express or implied, there is no right of recovery by the administrator for the benefit of the father." "2. A father's abandonment of his wife and children, sufferance of the procurement of a decree of divorce, alimony and custody of the children by the wife and

avoidance of payment of the alimony by flight from the state, constitute the wife his agent for the care and custody of the children, and her exposure of one of them to danger resulting in his death, is the negligence of the father and precludes right of recovery of damages for his benefit." Nor can the brothers and sisters of the deceased be substituted for the negligent parent of the deceased. *Swope* v. *Coal & Coke Co., supra.*

Moreover, a settlement with the distributee of decedent bars the action. *Fetty* v. *Carroll,* 118 W. Va. 401, 190 S. E. 683. "A valid settlement with the sole distributees of a decedent for his wrongful death may be introduced in defense of the decedent's administrator to recover damages for such death." Somewhat related to the principle stated in *Fetty* v. *Carroll, supra,* recovery by a beneficiary because of a connection with the death of the decedent, will be found in the line of cases which deny a recovery of beneficiary of an insurance policy where the beneficiary has murdered the insured. *Wickline* v. *Ins. Co.,* 106 W. Va. 424, 145 S. E. 743; *Johnston* v. *Insurance Company,* 85 W. Va. 70, 100 S. E. 865.

*Prunty* v. *Traction Co.,* 90 W. Va. 194, 110 S. E. 618, permitted a recovery for the benefit of an infant who survived his injury and does not present the same question as that involved in the instant case.

I do not mean to say that the principle denying the recovery to a negligent parent of a decedent is exactly parallel to the situation presented here, since the sole beneficiary of the recovery in this case has done no wrong, nor, insofar as the record discloses did she contribute in any way to the injury and death of her father. But, cases above cited stand for the equitable principle inherent in an action, under Code, 55-7-5, as amended. Such principle interposes a bar against the recovery by a personal representative, if a beneficiary is barred.

Under modern conditions, practically all owners of motor vehicles carry insurance protecting them from liability for death or injury of other persons occurring

by reason of the operation of such vehicle. With this situation in mind, it is a fair inference that the decision in this case will open the door of temptation for persons standing in a domestic relation to bring and prosecute collusive actions.

To permit a recovery by the personal representative under the statute, Code, 55-7-5, as amended, who will be required to turn over the entire recovery to the wife of the defendant, is to ignore the public policy of this state, as well as the reasons upon which it was founded. I would therefore hold that the plea in abatement presents a bar to the maintenance of this action.