HELEN McCLURE DUNSMORE, *Executrix of the Estate of* JEWETTE FREDERICK DUNSMORE, *deceased*

*v.*

JOHN ESBY HARTMAN

(CC 818)

Submitted September 14, 1954. Decided October 26, 1954.

*Dodrill, Barrett & Dunbar,* for plaintiff.

*Ralph J. Bean, Charles-H. Bean,* for defendant.

GIVEN, PRESIDENT:

Plaintiff, Helen McClure Dunsmore, executrix of the estate of Jewette Frederick Dunsmore, deceased, instituted an action in the Circuit Court of Pendleton County, against defendant, John Esby Hartman, for recovery of damages alleged to have occurred from an automobile collision. The declaration contained two counts. The first count alleged damages for wrongful death in the amount of ten thousand dollars. The second count alleged damages to the automobile of plaintiff's decedent in the amount of four hundred dollars. Defendant demurred to the declaration for the reason that it "has improperly included a count alleging property damage with a count in which

damages for wrongful death are alleged, and Plaintiff has thereby sued Defendant for a total sum in excess of that allowed by statute". The trial court overruled the demurrer and certified the question arising thereon to this Court.

The question certified is: "In the declaration in Trespass on the Case, in which plaintiff seeks damages for wrongful death in the amount of $10,000.00, can plaintiff also include a count in which plaintiff seeks to recover $400.00 damages for injuries caused decedent's automobile, when it is alleged that the death and the damage to the automobile occurred in the same collision?"

Plaintiff contends that since the demands of plaintiff are against the same defendant, and since both damages for wrongful death and the property damages resulted from a single wrong, there can be but one cause of action. In other words, plaintiff says that the damages for wrongful death and the property damages merely constitute different elements of damages and not different causes of action.

We are of the view that the question raised on the demurrer has been answered in the negative by the decision in the case of *Alloy* v. *Hennis Freight Lines*, 139 W. Va. 480, 80 S. E. 2d 514. In that case an action was instituted by Alloy for damages for personal injuries received by him in an automobile collision. Alloy died of the injuries before trial and, under Code, 55-7-5, as amended, the action was revived in the name of his personal representative. On the trial, a verdict was returned for plaintiff in the amount of $11,062.63. It was stipulated that ten thousand dollars thereof constituted damages for wrongful death, and that $1,062.63 thereof constituted property damages. This Court set aside the verdict and held: "1. Under Chapter 55, Article 7 of the Code, as amended by Chapter 2, Acts of the Legislature, Regular Session, 1945, and Chapter 4, Acts of the Legislature, Regular Session, 1949, if a person dies of injuries, occasioned by the wrongful act of another, pending trial of an action to recover for such injuries, such action may be revived in the name of his

personal representative, but such further proceedings shall conform to an action for wrongful death in which recovery is limited to the amount of $10,000."

In *Swope, Adm'r.* v. *Keystone Coal and Coke Co.,* 78 W. Va. 517, 89 S. E. 284, L. R. A. 1917F 1128, 14 A. L. R. 520n, 23 A. L. R. 636n, 676n, the Court stated: "* * * At the common law, there was no right of action for damages for injury occasioned by the death of a person by a wrongful act. The right was first given by an English statute known as Lord Campbell's Act. It created only rights of action in certain persons. The recovery in such an action did not become a part of the estate of the deceased person. The express purpose was compensation to such persons as were pecunarily injured by death inflicted or caused by wrongful acts. Our first statute on the subject, passed November 9, 1863, was the same in general purpose and effect as the English statute. It provided that the amount recovered in every such action should be for the exclusive benefit of the widow and next of kin, and required the jury to give such damages as they should deem fair and just, not exceeding $5,000.00, with reference to the pecuniary injury resulting from such death to the wife and next of kin. As amended and reenacted, in part, by ch. 105 of the Acts of 1882, it still gives mere rights of action. The recovery is not subject to any debt or liability of the deceased, and goes to his next of kin, not by virtue of the statute of descents and distributions, but by force of the act giving the right of action. The other statute is adopted only as a means of ascertaining the beneficiaries."

In *Burgess* v. *Gilchrist,* 123 W. Va. 727, 17 S. E. 2d 804, it is stated: "* * * American statutes authorizing recovery for wrongful death are merely adoptions, or adaptations, of the English 'Lord Campbell's Act', enacted by the British Parliament in 1846. Our statute, like its prototype, clearly created a new right of action and operated for the benefit, not of the decedent's estate, but of his distributees * * *".

The statute which furnishes the only right or authority to prosecute an action for damages for wrongful death

in this State is Code, 55-7-5, as amended. In so far as pertinent, it reads: "Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured * * *". Section 6 of the same article requires that such an action be "brought by and in the name of the personal representative" of the deceased person, and requires that any recovery "be distributed to the parties and in the proportion provided by law in relation to the distribution of personal estate left by persons dying intestate". The same section exonerates any recovery from "debts or liabilities of the deceased", and expressly limits any recovery to "not exceeding ten thousand dollars". From these statutory provisions it is clear, we think, that only damages for wrongful death may be recovered in such an action, and that any recovery in such an action is limited to an amount not in excess of ten thousand dollars.

In *State* v. *Daugherty,* 138 W. Va. 144, 77 S. E. 2d 338, this Court held: "The proper assets of the estate of a decedent are not liable for court costs incurred by the administrator in an unsuccessful action for death of the decedent by wrongful act, neglect or default, under Code, 55-7-5, 6. The administrator is bound only in his private capacity." In *Morgan* v. *Leuck,* 137 W. Va. 546, 72 S. E. 2d 825, this Court held: "An action for wrongful death, brought under Code, 55-7-5, as amended by Chapter 20, Acts of the Legislature, 1931, may be maintained, notwithstanding the fact that the sole beneficiary of a recovery, if any be had, is the wife of the defendant." In *Burgess* v. *Gilchrist,* 123 W. Va. 727, 17 S. E. 2d 804, this Court held that the fact that distributees of a sum sued for under the wrongful death act were non-resident aliens would not preclude recovery. In *Wilder, Admr.* v. *Charleston*

*Transit Co.,* 120 W. Va. 319, 197 S. E. 814, this Court held that in an action for wrongful death, a special plea in bar which alleges that decedent, at time of death, had no next of kin or beneficiaries capable of taking, constituted a good defense, since a recovery in such circumstances would not escheat to the State. In *Fetty* v. *Carroll,* 118 W. Va. 401, 190 S. E. 683, it is pointed out that while the action for damages for wrongful death may be maintained only by the personal representative of an estate, "his relation to any fund recovered is not that of decedent's representative, but that of trustee for the next of kin." These holdings may suggest some of the reasons why the statute permits recovery of damages only for wrongful death in such an action. The plain language of the statute, we think, limits the jurisdiction of the court in an action for recovery of damages for wrongful death, both as to the nature of the damages recoverable and as to the maximum amount of recovery. *Alloy* v. *Hennis Freight Lines, supra.* Courts can not enlarge their own jurisdiction over causes of actions vested in them by statute.

Notwithstanding the statutory provisions referred to, it is argued that an action for damages for wrongful death may be joined with an action for property damages, since damages are sought by the same plaintiff against the same defendant and are all of the same nature, and since the same judgment has to be given as to each demand. Plaintiff, in support of such position, cites *Homes* v. *Monongahela Power Co.,* 136 W. Va. 877, 69 S. E. 2d 131. We think, however, that what has been said clearly demonstrates that the demand for damages for wrongful death and the demand for property damages are not of the same nature. Recovery on the wrongful death demand would not go to the estate of the decedent, while any property damage recovery would belong to the estate. Creditors of the decedent may share in the property damage recovery, but never in the wrongful death recovery. While it is true that the action for damages for wrongful death is prosecuted in the name of the personal representative of the estate, it is further true that his relation to that de-

mand, as well as to any recovery, is not of the same nature as his relationship to the demand for property damages. A judgment for damages to property would be in favor of the personal representative of decedent's estate, but a recovery of damages for wrongful death, while in the name of the personal representative, would be for the next of kin of decedent. The judgments, therefore, would not, in effect, be in favor of the same plaintiff. *State* v. *Daugherty, supra; Wilder, Admr.* v. *Charleston Transit Co., supra; Swope, Adm'r.* v. *Keystone Coal and Coke Co., supra.*

The question certified is answered in the negative, the ruling of the Circuit Court of Pendleton County is reversed, and the case is remanded to that court.

*Ruling reversed.*